**HONIGMAN**

Honigman Miller Schwartz and Cohn LLP
Attorneys and Counselors

**Robert J. Palmersheim**

(312) 701-9319
Fax: (312) 701-9335
rpalmersheim@honigman.com

August 8, 2016

Honorable Katherine B. Forrest
United States District Court
Southern District of New York
500 Pearl Street, Room 1950
New York, NY 10007

Re:   *Reynolds Consumer Products LLC, et al. v. Glencore AG, et al.*
      **Case No. 16-cv-5955-KBF (S.D.N.Y.),**
      **Designated as related to** *In re Aluminum Warehousing Antitrust Litigation,*
      **Case No. 1:13-md-02481-KBF (S.D.N.Y.)**

Dear Judge Forrest:

     Plaintiffs Reynolds Consumer Products LLC ("Reynolds") and Southwire Company, LLC ("Southwire"), pursuant to the Court's July 29, 2016 Order (Dkt. #17), present their proposal for syncing the above-captioned matter with the multi-district litigation ("MDL") currently pending before the Court, *In re Aluminum Warehousing Antitrust Litigation*, Case No. 1:13-md-02481-KBF (S.D.N.Y.).

     Reynolds and Southwire are large manufacturers of products that require enormous amounts of primary aluminum. Combined, Reynolds and Southwire purchased over 1 million metric tons of aluminum between 2011 and 2014. Unlike many of the putative class members, Reynolds and Southwire purchased much of their aluminum directly from Defendants, including from Glencore, Ltd. and J. Aron & Company. Because of Reynolds' and Southwire's substantial claims against Defendants, Reynolds and Southwire chose to file an individual action to pursue their claims rather than stay part of the class.

     In accordance with this Court's Order directing Reynolds and Southwire to confer with the parties in the MDL and present a proposal for syncing up this action with the MDL, on August 2, 2016, Reynolds and Southwire presented counsel for the MDL parties with a written proposal that would sync this litigation with the MDL with very little alteration to the MDL schedule. Reynolds' and Southwire's proposed schedule would completely sync this case with the MDL's current scheduling order by the close of expert discovery and before summary judgment briefing begins.

     On August 4, 2016, Reynolds and Southwire hosted a telephone conference for the MDL parties to discuss the proposed schedule. The existing MDL Plaintiffs expressed no position on Reynolds and Southwire's proposed schedule. The MDL Defendants did not propose an alternative schedule but, rather, suggested that Reynolds and Southwire should be (i) bound by the existing discovery schedule and record; (ii) limited to whatever expert reports are submitted by the MDL Plaintiffs, forgoing their own experts; (iii) and required follow the existing MDL

One South Wacker Drive · 28th Floor · Chicago, Illinois 60606-4617
*Detroit · Ann Arbor · Bloomfield Hills · Chicago · Kalamazoo · Lansing*

22321973.6

# HONIGMAN

August 8, 2016
Page 2

schedule in its entirety. However, Defendants noted that they would likely need to take discovery on Southwire and Reynolds. This proposal is neither fair nor workable for a variety of reasons.

Although Reynolds and Southwire have continued to confer with the MDL parties, the parties have been unable to reach agreement on a schedule. Thus, Reynolds and Southwire's proposal for syncing up this action with MDL is as follows:

- Reynolds and Southwire shall be provided with electronic access to all pleadings, motions, depositions, discovery, documents, expert reports, and other materials produced or filed in the MDL (including those filed under seal or produced pursuant to a Protective Order) within **3 business days** of the Court's scheduling order;

- Limited, non-cumulative fact depositions solely related to issues unique to the Reynolds-Southwire lawsuit shall be completed by **October 31, 2016**;

- Reynolds and Southwire's expert reports shall be produced by **January 11, 2017**;

- Defendants' expert reports, as they relate to Reynolds and Southwire, shall be produced by **February 15, 2017**;

- Reynolds and Southwire's reply expert reports shall be produced by **March 10, 2017**;[1]

- The deadline to complete expert depositions shall remain **March 17, 2017**; and,

- All subsequent deadlines in the current MDL Scheduling Order (*see* MDL Dkt. #990) shall remain the same, including the Summary Judgment briefing schedule.

Reynolds and Southwire's proposed schedule would require only a modest extension of the MDL's expert discovery schedule and would completely sync this action up with the MDL as of the close of expert discovery. (*See* Dkt. #990.) The proposal would also allow the parties to keep all post-expert discovery deadlines—including the entire summary judgment schedule.

Reynolds and Southwire's proposed schedule assumes that they will promptly get access to discovery and key case documents. To facilitate that access, Reynolds and Southwire intend to file a motion seeking to apply the existing MDL Protective Order to this lawsuit. Defendants have indicated that they do not oppose that motion. The proposed schedule also assumes that the Defendants that have already appeared in the MDL will waive service of process in this case. Defendants have not yet responded to Southwire and Reynold's request as to that issue.

---

[1] Based on feedback received during the parties' meet and confer, Southwire and Reynolds have moved this date up one week from their initial proposal to allow Defendants time between the completion of expert reports and the completion of expert depositions.

**One South Wacker Drive · 28th Floor · Chicago, Illinois 60606-4617**
*Detroit · Ann Arbor · Bloomfield Hills · Chicago · Kalamazoo · Lansing*

22321973.6

# HONIGMAN

August 8, 2016
Page 3

      Reynolds and Southwire's proposal is the only meaningful proposal offered by any of the MDL parties for syncing this case with the MDL. Contrary to Defendants' suggestion, Reynolds and Southwire cannot simply agree to be bound by the existing discovery record and existing experts because Reynolds and Southwire purchased aluminum directly from certain Defendants and are entitled to pursue facts related to their individualized claims and relationships with Defendants. Indeed, Defendants have indicated that they plan to take discovery on Southwire and Reynolds, a request to which Southwire and Reynolds do not object. Reynolds and Southwire expect this discovery to be limited to issues unique to this lawsuit and not cumulative with previous discovery taken in the MDL.

      With regard to experts, while Reynolds and Southwire anticipate there may be some overlap between their expert reports and the existing MDL Plaintiffs' expert reports, Reynolds and Southwire have not met or vetted the MDL Plaintiffs' experts, seen those expert reports, or had a chance to evaluate them. In any event, any overlap between Reynolds and Southwire's expert reports and the MDL Plaintiffs' expert reports would only serve to reduce Defendants' burden in responding to Reynolds and Southwire's experts.

*   *   *

      Reynolds and Southwire believe this case can be synced with the MDL, and their proposal represents the most reasonable and efficient way to do so. We are happy to work with counsel for the MDL and the Court in answering any questions or issues regarding the proposed schedule.

Very truly yours,

HONIGMAN MILLER SCHWARTZ AND COHN LLP

/s/Robert J. Palmersheim

Robert J. Palmersheim

cc:    Counsel of Record for the MDL parties (by ECF)

One South Wacker Drive · 28th Floor · Chicago, Illinois 60606-4617
*Detroit · Ann Arbor · Bloomfield Hills · Chicago · Kalamazoo · Lansing*

22321973.6