**HONIGMAN**

Honigman Miller Schwartz and Cohn LLP
Attorneys and Counselors

**Robert J. Palmersheim**

(312) 701-9319
Fax: (312) 701-9335
rpalmersheim@honigman.com

August 16, 2016

Honorable Katherine B. Forrest
United States District Court
Southern District of New York
500 Pearl Street, Room 1950
New York, NY 10007

Re: *Reynolds Consumer Products LLC, et al. v. Glencore AG, et al.*
Case No. 16-cv-5955-KBF (S.D.N.Y.),
Designated as related to *In re Aluminum Warehousing Antitrust Litigation,*
Case No. 1:13-md-02481-KBF (S.D.N.Y.) ("MDL")

Dear Judge Forrest:

Pursuant to the Court's August 10, 2016 Order (Dkt. #42), Plaintiffs Reynolds Consumer Products LLC ("Reynolds") and Southwire Company, LLC ("Southwire") respond to Defendants' proposal for holding off on setting a detailed schedule until after the Court issues a decision on class certification in the MDL.

Reynolds and Southwire continue to believe that this action can be reasonably synced with the MDL under the schedule proposed in their August 8, 2016 letter. (Dkt. # 39.) Defendants have offered no meaningful counter-proposal for syncing this action with the MDL.

Notwithstanding, if the Court is not inclined to sync this action, Reynolds and Southwire are willing to, as Defendants suggest, "hold off" on setting a detailed schedule until after the Court issues a decision on class certification.[1] However, if the Court takes that approach, certain measures should be in place so that progress is made in this case and the interim time is not wasted.

*First*, Defendants should be ordered to respond to Reynolds and Southwire's request to waive service of process. Reynolds and Southwire asked Defendants on August 2, 2016 whether they would agree to waive formal service of summons and process. (Dkt. # 40-1.) Defendants have not responded to that request. If Defendants do not agree to waive service, Reynolds and Southwire will immediately begin to formally serve Defendants with the Complaint.[2]

*Second*, Defendants should agree to a protective order that would permit materials designated under the MDL Protective Order to be disclosed and/or used in this case. Reynolds and Southwire sent Defendants a draft motion for entry of such a protective order on August 8,

---

[1] Defendants have suggested "two months" after class certification is decided. Reynolds and Southwire believe that 30 days is more reasonable.

[2] Defendants were provided with a copy of the Complaint through e-mail on August 2, 2016. (Dkt. #40-1.)

**One South Wacker Drive · 28th Floor · Chicago, Illinois 60606-4617**
*Detroit · Ann Arbor · Bloomfield Hills · Chicago · Kalamazoo · Lansing*

22377164.2

2016. Although Defendants have indicated that they would not oppose such a motion, they have not responded to Reynolds and Southwire's proposed draft motion and order.

*Third*, Defendants should provide Reynolds and Southwire with immediate electronic access to all pleadings, motions, depositions, discovery, documents, expert reports, and other materials produced or filed in the MDL (including those filed under seal or produced pursuant to the MDL Protective Order).

*Fourth*, Defendants have suggested that they will serve discovery requests on Reynolds and Southwire but that Reynolds and Southwire should be limited to the existing discovery record with regard to Defendants. That proposal is unworkable because, as previously noted, Reynolds and Southwire purchased aluminum directly from certain Defendants and are entitled to pursue facts related to their individualized claims and relationships with Defendants. While Reynolds and Southwire would be amenable to holding off on "new" discovery until a detailed schedule is in place, that agreement should apply to both sides. If Defendants are permitted to serve discovery on Reynolds and Southwire during the interim period, then Reynolds and Southwire should be permitted to do the same. Reynolds and Southwire expect this discovery to be limited to issues unique to this lawsuit and not cumulative with previous discovery taken in the MDL.

Reynolds and Southwire believe that the conditions above are a reasonable response to Defendant's request to hold off on setting a detailed schedule in this case until after the Court decides class certification. We are happy to work with counsel for the MDL and the Court in answering any questions or issues.

Very truly yours,

HONIGMAN MILLER SCHWARTZ AND COHN LLP

/s/Robert J. Palmersheim

Robert J. Palmersheim

cc: Counsel of Record for the MDL parties (by ECF)

**One South Wacker Drive · 28th Floor · Chicago, Illinois 60606-4617**
*Detroit · Ann Arbor · Bloomfield Hills · Chicago · Kalamazoo · Lansing*

22377164.2