USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: August 19, 2016

**IN THE UNITED STATES DISTRICT**
**THE SOUTHERN DISTRICT OF N**

REYNOLDS CONSUMER PRODUCTS LLC; and
SOUTHWIRE COMPANY, LLC,

        Plaintiffs,

    v.

GLENCORE AG; GLENCORE INTERNATIONAL
AG; GLENCORE, LTD.; GOLDMAN SACHS &
CO.; GOLDMAN SACHS INTERNATIONAL;
HENRY BATH LLC; J. ARON & COMPANY;
JPMORGAN CHASE BANK, N.A.; JP MORGAN
SECURITIES PLC; METRO INTERNATIONAL
TRADE SERVICES, LLC; MITSI HOLDINGS LLC;
ACCESS WORLD (USA) LLC; and PACORINI
VLISSINGEN BV,

        Defendants.

Case No. 1:16-cv-05955

**PROTECTIVE ORDER**

KATHERINE B. FORREST, District Judge:

    The parties having agreed to the following terms of confidentiality, and the Court having

found that good cause exists for issuance of an appropriately-tailored confidentiality order

governing the pre-trial phase of this litigation, it is therefore hereby ORDERED:

    1.    The Protective Order dated May 22, 2014 ("Protective Order") entered as Docket

No. 381 in the action captioned ***In re Aluminum Warehousing Antitrust Litigation***, Case No.

1:13-md-02481-KBF (S.D.N.Y.) (the "MDL"), attached hereto as Exhibit A, shall apply, in its

entirety, to this case.

    2.    The Stipulated Addendum to Protective Order dated October 1, 2015

("Addendum") entered as Docket No. 856 in the MDL, attached hereto as Exhibit B, shall apply,

in its entirety, to this case.

3.     All materials designated under the foregoing Protective Order or Addendum in the MDL case may be disclosed and/or used in this case subject to the terms of the Protective Order and Addendum.

SO STIPULATED AND AGREED.

Dated: August 18, 2016

Respectfully submitted,

HONIGMAN MILLER SCHWARTZ AND COHN LLP

By:  /s/ Robert J. Palmersheim

Robert J. Palmersheim, Esq. (*pro hac vice*)
David E. Koropp, Esq. (*pro hac vice*)
Anand C. Mathew, Esq. (*pro hac vice*)
One South Wacker Drive, 28th Floor
Chicago, IL 60606
Tel: (312) 701-9339
Fax: (312) 701-9335
RPalmersheim@honigman.com
DKoropp@honigman.com
AMathew@honigman.com

*Attorneys for Plaintiffs*

LOUIS F. BURKE, P.C.

Louis F. Burke, Esq.
Leslie Wybiral, Esq.
460 Park Avenue, 21ST Floor
New York, NY 10022
Tel:  (212) 682-1700
Fax:  (212) 808-4280
lburke@lfblaw.com
lwybiral@lfblaw.com

*Attorneys for Plaintiffs*

IT IS SO ORDERED.

DATED:  ___August 19, 2016_____

_____
THE HONORABLE KATHERINE B. FORREST
UNITED STATES DISTRICT JUDGE

2

22339069.1

# Exhibit



Forrest, K.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:MAY 2 2 2014

_____ x

In re ALUMINUM WAREHOUSING  : No. 13 MD 2481 (KBF)
ANTITRUST LITIGATION  :
_____ : CLASS ACTION
 :
This Document Relates To:  : PROTECTIVE ORDER
 :
 ALL ACTIONS.  :
 :
_____ x

KATHERINE B. FORREST, District Judge:

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby ORDERED that any person subject to this Order – including without limitation the parties to this action, their representatives, agents, experts and consultants, all non-parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order – shall adhere to the following terms:

1.　　Any person subject to this Order who receives from any other person any "Discovery Material" (*i.e.*, information of any kind provided in the course of discovery in this action) shall not disclose that Discovery Material to anyone else except as expressly permitted hereunder.

2.　　All Discovery Material produced or disclosed in connection with this action shall be used solely for the prosecution or the defense of this action (including any appeal therefrom) and for no other purpose.

3.　　The person producing any given Discovery Material may designate as "Confidential" material that consists of:

(a)　　financial information not previously disclosed to the public (including without limitation profitability reports or estimates, trading positions, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports and sale margins);

(b)　　material not previously disclosed to the public relating to ownership or control of any non-public company;

(c)　　business plans, product development information, or marketing plans not previously disclosed to the public;

- 1 -

(d)       proprietary business information or communications, or other confidential research, development, or commercial information or communications;

(e)       any information of a personal or intimate nature regarding any individual, including but not limited to any information or data defined as "personal data" as that term is defined in applicable data privacy laws or regulations;

(f)       information for which applicable law requires confidential treatment; or

(g)       any other category of information hereinafter given confidential status by the Court.

4.       The person producing any given Discovery Material may designate as "Attorneys' Eyes Only" such material where: (i) the producing person reasonably and in good faith believes that disclosure of the Discovery Material to the full extent otherwise permitted by this Order could result in competitive, commercial or personal harm to any person, or to improper market manipulation; or (ii) where such Discovery Material includes highly personal information including medical or personnel records, "sensitive personal data" as that term is defined by applicable data privacy laws or regulations, trade secrets within the meaning of Fed. R. Civ. P. 26(c)(1)(G), and/or undisclosed financial information of a third party.

5.       With respect to Confidential or Attorneys' Eyes Only Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such Discovery Material as "Confidential" or "Attorneys' Eyes Only" by stamping or otherwise clearly marking "Confidential" or "Attorneys' Eyes Only" on the Discovery Material in a manner that will not interfere with legibility or audibility. Deposition testimony and exhibits may be designated as Confidential or Attorneys' Eyes Only either on the record during the deposition or within twenty-one (21) days of receipt of the transcript. Until such time period expires without designation having been

- 2 -

made, the entire deposition transcript and exhibits shall be treated as Attorneys' Eyes Only Discovery Material unless otherwise specified in writing or on the record of the deposition by the disclosing person. If the disclosing person designates the entire deposition transcript and/or exhibits, or any portion thereof, as Confidential or Attorneys' Eyes Only, the designated portions of the transcript and/or exhibits shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" or "Attorneys' Eyes Only Information Governed by Protective Order" by the reporter.

6.     If at any time prior to the trial of this action, a party – other than the person who produced and originally designated such material – believes that some portion[s] of Discovery Material were previously produced without a proper designation, (including being subject to a less restrictive designation), that party may notify all parties and the producing person in writing, and such designated portion[s] of the Discovery Material will thereafter be treated as Confidential or Attorneys' Eyes Only under the terms of this Order until any dispute about the proper designation is resolved. In addition, the producing person and the party seeking a new designation will consult and attempt to agree upon the proper designation. If they are unable to resolve any dispute about the proper designation of such Discovery Material, counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling. In addition, the party seeking a different designation shall provide to each other party (and, if necessary, the producing person) replacement versions of such Discovery Material that bears the new designation within five (5) business days of agreement upon such designation or resolution by the Court of any dispute or, in the case of voluminous material or other exceptional circumstances, as soon as is practicable.

7.     If at any time prior to the trial of this action, a producing person realizes that some portion[s] of Discovery Material it previously produced was not properly designated (including

being subject to a less restrictive designation), it may so designate by notifying all parties in writing, and such designated portion[s] of the Discovery Material will thereafter be treated as Confidential or Attorneys' Eyes Only under the terms of this Order. In addition, the producing person shall provide all parties with replacement versions of such Discovery Material that bears the "Confidential" or "Attorneys' Eyes Only" designation within five (5) business days of providing such notice, or, in the case of voluminous material or other exceptional circumstances, as soon as is practicable.

8.      Other than the producing person, no person subject to this Order (including any witness to whom Confidential Discovery Material has been provided pursuant to subparagraph (d) below) shall disclose any of the Confidential Discovery Material to any other person whomsoever, except to individuals described in the below subparagraphs. Attorneys' Eyes Only Discovery Material may only be disclosed to the persons in subparagraphs (b), (c), and (e)-(i):

(a)      the parties to this action and, with respect to Discovery Material designated as Confidential that was produced by a non-party, also to such non-party;

(b)      the parties' outside counsel and in-house counsel participating in the prosecution and defense of this matter in their roles as lawyers (the goal here is to prevent lawyers who operate in a business capacity from accessing Attorneys' Eyes Only Discovery Material), including any paralegal, clerical and/or other assistant employed by such counsel and involved in this matter;

(c)      as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(d)      any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has, prior to disclosure, been advised of the contents of this Order;

- 4 -

(e)  any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit A hereto;

(f)  stenographers engaged to transcribe depositions conducted in this action;

(g)  independent photocopying, graphic production services, or litigation support services employed by the parties or their counsel to assist in this action and computer service personnel performing duties in relation to a computerized litigation system;

(h)  the Court and its support personnel; and

(i)  any other person whom the producing person, or other person designating the Discovery Material Confidential or Attorneys' Eyes Only, agrees in writing may have access to such Discovery Material.

9.  Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraph 8(d) above, such person shall be provided by counsel with a copy of this Protective Order and shall, prior to disclosure, be advised of the contents of this Order.  Prior to any disclosure of any Confidential or Attorneys' Eyes Only Discovery Material to any person referred to in subparagraph 8(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit A hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, and produce it to opposing counsel prior to such person being permitted to testify (at deposition or trial).

10.  All Confidential or Attorneys' Eyes Only Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential or Attorneys' Eyes Only Discovery Material, shall be filed under seal with the Clerk of

the Court and kept under seal until further order of the Court. The parties will use their reasonable best efforts to minimize such sealing.

11. Any party who either objects to any designation (or lack thereof), or who requests further limits on disclosure, may at any time prior to the trial of this action serve upon the designating person or its counsel a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling.

12. Each person who has access to Discovery Material produced by others that has been designated as Confidential or Attorneys' Eyes Only shall take all reasonable precautions to prevent unauthorized or inadvertent disclosure of such material.

13. If, in connection with this litigation, a producing person claims that it has inadvertently produced Discovery Material that is subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure, in itself, shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

14. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five (5) business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

15. Within five (5) business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

- 6 -

16. The receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact of the inadvertent production.

17. The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

18. Any party shall be entitled to seek and enforce compliance with any discovery demand or non-party subpoena served in this matter by any other party. Further, in the event a non-party produced information in response to a subpoena or request, any party receiving such information from the non-party shall ensure that all other parties receive copies of the non-party's production within five (5) business days of the receiving party's receipt of such production, or in the case of voluminous material or other exceptional circumstances, the party receiving such information from the non-party shall notify all other parties of its receipt of such production within three (3) business days, and shall provide copies of the non-party production to all other parties as soon as practicable.

19. A non-party from whom the parties seek discovery may designate Discovery Material as "Confidential" or "Attorneys' Eyes Only" consistent with the terms of this Order. In such circumstances, Discovery Material designated Confidential or Attorneys' Eyes Only by a non-party shall be assigned the same protection as Discovery Material so designated by a party, and all duties applicable to a party under this Order shall apply to a non-party designating Discovery Material as Confidential or Attorneys' Eyes Only. All obligations applicable under this Order to parties receiving Discovery Material shall apply to any party receiving Discovery Material from such non-

- 7 -

party. Any party who serves a subpoena on a non-party shall provide such non-party with a copy of this Order.

20. If, at any time, any Discovery Material governed by this Order is subpoenaed or requested by any court, administrative or legislative body, or by any other person or entity purporting to have authority to require the production thereof, the person to whom the subpoena or request is directed, to the extent permitted by law, shall promptly give written notice to the producing person and include with that notice a copy of the subpoena or request. The person to whom the subpoena or request is directed also shall not produce documents for at least ten (10) days after notice of the subpoena is provided to the producing person in order to provide the producing person a reasonable period of time in which to seek to quash, limit or object to the subpoena or request, or to move for any protection for the Discovery Material. In no event shall such Discovery Material subject to this Order be produced by a person receiving a subpoena or request without providing the producing person an opportunity to quash, limit or object, absent a Court order to do so or as otherwise required by law. In the event that Discovery Material designated as "Confidential" or "Attorneys' Eyes Only" under this Order is produced in response to a subpoena or request, the recipient of the subpoena or request shall take commercially reasonable steps to ensure that the protections afforded under this Order shall continue to apply to such Discovery Material.

21. This Order shall survive the termination of the litigation. Within sixty (60) calendar days after the final conclusion of all aspects of this action by judgment not subject to further appeal or by settlement, the parties shall take commercially reasonable efforts to ensure that all Discovery Material and all copies thereof (including electronic information) shall be returned or destroyed and the disclosing party, upon request, shall be provided with a certification stating that the disclosing party's documents have been destroyed. As to those materials containing Discovery Material that

- 8 -

constitute counsel's work product that were served in this action, filed with the Court and/or marked as trial exhibits, counsel may retain such documents if such counsel otherwise comply with this Order with respect to such retained material.

22.     This Order is governed by, interpreted under, and construed and enforced in accordance with New York law, without regard to the conflict of law principles of the State of New York.  Any dispute between the parties regarding this Order shall be resolved by making an appropriate application to this Court in accordance with its rules.

23.     During the pendency of this case only, this Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder.

SO STIPULATED AND AGREED.

DATED: May ___ , 2014

ROBBINS GELLER RUDMAN
   & DOWD LLP
BONNY E. SWEENEY
CARMEN A. MEDICI


BONNY E. SWEENEY

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

ROBBINS GELLER RUDMAN
   & DOWD LLP
SAMUEL H. RUDMAN
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

- 9 -

ROBBINS GELLER RUDMAN
  & DOWD LLP
PAUL J. GELLER
MARK DEARMAN
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)

Interim Co-Lead Counsel for Direct Purchaser
Plaintiffs

DATED: May ___, 2014

GRANT & EISENHOFER P.A.
LINDA P. NUSSBAUM
PETER A. BARILE III


_____
LINDA P. NUSSBAUM

485 Lexington Avenue
New York, NY 10017
Telephone: 646/722-8500
646/722-8501 (fax)

Interim Co-Lead Counsel for Direct Purchaser
Plaintiffs

DATED: May ___, 2014

LOVELL STEWART HALEBIAN
  JACOBSON LLP
CHRISTOPHER LOVELL
BENJAMIN M. JACCARINO
AMANDA N. MILLER


_____
CHRISTOPHER LOVELL

61 Broadway, Suite 501
New York, NY 10006
Telephone: 212/608-1900
212/719-4677 (fax)

Interim Co-Lead Counsel for Direct Purchaser
Plaintiffs

- 10 -

DATED: May 15, 2014

GIRARD GIBBS, LLP
JOHN A. KEHOE


_____
JOHN A. KEHOE

711 Third Avenue, 20th Floor
New York, NY 10017
Telephone: 212/798-1059
212/867-1767 (fax)

GIRARD GIBBS LLP
DANIEL C. GIRARD
AMANDA M. STEINER
ADAM POLK

601 California Street, 14th Floor
San Francisco, CA 94108
Telephone: 405/981-4800
415/981-4846 (fax)

Interim Co-Lead Counsel for Commercial End
User Plaintiffs

DATED: May 15, 2014

KESSLER TOPAZ MELTZER & CHECK, LLP
JOSEPH H. MELTZER
KIMBERLY A. JUSTICE
TERENCE S. ZIEGLER
J. QUINN KERRIGAN


_____
KIMBERLY A. JUSTICE

280 King of Prussia Rd.
Radnor, PA 19087
Telephone: 610/667-7706
610/667-7056 (fax)

Interim Co-Lead Counsel for Commercial End
User Plaintiffs

- 11 -

DATED: May 7, 2014

CUNEO GILBERT & LaDUCA, LLP
JONATHAN W. CUNEO
JOEL DAVIDOW
YIFEI LI

_____
JONATHAN W. CUNEO

507 C. Street, NE
Washington, D.C. 20002
Telephone: 202/789-3960
202/789-1813 (fax)

Interim Co-Lead Counsel for Commercial End
User Plaintiffs

DATED: May 15, 2014

FINKELSTEIN THOMPSON LLP
ROSALEE B.C. THOMAS
DOUGLAS G. THOMPSON JR.

_____
DOUGLAS G. THOMPSON JR.

1077 30th Street, NW, Suite 150
Washington, DC 20007
Telephone: 202/337-8000
202/337-8090 (fax)

Interim Co-Lead Counsel for Consumer End User
Plaintiffs

DATED: May 16, 2014

STRANGE & CARPENTER
BRIAN R. STRANGE
KEITH BUTLER

_____
BRIAN R. STRANGE

12100 Wilshire Boulevard, Suite 1900
Los Angeles, CA 90025
Telephone: 310/207-5055
310/826-3210 (fax)

- 12 -

Interim Co-Lead Counsel for Consumer End User
Plaintiffs

DATED: May 15, 2014

SCOTT+SCOTT, ATTORNEYS AT LAW, LLP
CHRISTOPHER M. BURKE
WALTER W. NOSS

_Walter W. Noss_

WALTER W. NOSS

707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: 619/233-4565
619/233-0508 (fax)

SCHNEIDER WALLACE COTTRELL
KONECKY LLP
TODD M. SCHNEIDER
JASON H. KIM
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Telephone: 415/421-7100
415/421-7105 (fax)

GARRETT W. WOTKYNS
SCHNEIDER WALLACE COTTRELL
KONECKY LLP
8501 North Scottsdale Road, Suite 270
Scottsdale, AZ 85253
Telephone: 480/428-0144
480/505-8036 (fax)

SIMMONS BROWDER GIANARIS
ANGELIDES & BARNERD LLC
DEREK Y. BRANDT
JOHN R. PHILLIPS
One Court Street
Alton, IL 62002
Telephone: 618/259-2222

Attorneys for Plaintiffs Mag Instrument, Inc.,
Agfa Corporation, and Agfa Graphics, N.V.

- 13 -

DATED: May 21, 2014

LATHAM & WATKINS LLP
MARGARET M. ZWISLER
WILLIAM R. SHERMAN
JENNIFER L. GIORDANO
JEFFREY H. NEWHOUSE


_Margaret Zwisler / SR_
MARGARET M. ZWISLER

555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004
Telephone: 202/637-2200
202/637-2201 (fax)

Attorneys for Defendant The London Metal
Exchange

DATED: May 21, 2014

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
JOHN M. NANNES
JOHN H. LYONS


_John Nannes / SDC_
JOHN M. NANNES

1440 New York Avenue, N.W.
Washington, D.C. 20005
Telephone: 202/371-7500
202/661-9191 (fax)

Attorneys for Defendant Pacorini Metals USA,
LLC

DATED: May 21, 2014

SULLIVAN & CROMWELL LLP
RICHARD C. PEPPERMAN, II
SUHANA S. HAN
JOSEPH J. MATELIS
YAVAR BATHAEE


RICHARD C. PEPPERMAN, II

- 14 -

125 Broad Street
New York, New York 10004
Telephone: 212/558-4000
212/558-3588 (fax)

Attorneys for Defendants GS Power Holdings,
LLC, The Goldman Sachs Group, Inc. and Metro
International Trade Services, L.L.C.

DATED: May 21, 2014

COVINGTON & BURLING LLP
ROBERT D. WICK
NEIL K. ROMAN
HENRY LIU

*Robert Wick / SDC*

ROBERT D. WICK

1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: 202/662-5758
202/778-5758 (fax)

Attorneys for Defendants Henry Bath, LLC and
JP Morgan Chase & Co

DATED: May 21, 2014

CURTIS, MALLET-PREVOST, COLT
 & MOSLE LLP
ELIOT LAUER
JACQUES SEMMELMAN
CHELSEA MCLEAN

*Eliot Lauer / SDC*

ELIOT LAUER

101 Park Avenue
New York, NY 10178-0061
Telephone: 212/696-6000
212/697-1559 (fax)

Attorneys for Defendant Glencore Ltd.

- 15 -

IT IS SO ORDERED.

DATED: _____5/22/14_____

_____K. B. For_____
THE HONORABLE KATHERINE B. FORREST
UNITED STATES DISTRICT JUDGE

- 16 -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
—————————————————————— x
In re ALUMINUM WAREHOUSING        :   No. 13 MD 2481 (KBF)
ANTITRUST LITIGATION              :
                                  :   CLASS ACTION
—————————————————————————         :
                                  :   EXHIBIT A: NON-DISCLOSURE
This Document Relates To:         :   AGREEMENT
                                  :
       ALL ACTIONS.               :
                                  :
—————————————————————————         :
                                  x
```

I, _____, acknowledge that I have read and understand the Protective

Order in this action. I agree that I will use Discovery Material solely for the prosecution or defense

of this action and for no other purpose and that at the conclusion of the litigation I will return all

Discovery Material I have received to the party or attorney from whom I received it. In addition, I

agree that I will not disclose Discovery Material designated as Confidential or Attorneys' Eyes Only

except as authorized by the Protective Order. By acknowledging these obligations under the

Protective Order, I understand that I am submitting myself to the jurisdiction of the United States

District Court for the Southern District of New York for the purpose of any issue or dispute arising

hereunder and that my willful violation of any term of the Protective Order could subject me to

punishment for contempt of Court.

DATED: _____        _____

[NAME]

# Exhibit

# B

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: OCT 0 1 2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————————— x

In re ALUMINUM WAREHOUSING ANTITRUST     :     No. 13-MD-2481 (KBF)
LITIGATION                               :
                                         :     CLASS ACTION
—————————————————————————                :
                                         :     STIPULATED ADDENDUM TO
This Document Relates To:                :     PROTECTIVE ORDER
                                         :
     ALL ACTIONS.                        :
                                         :
                                         :
————————————————————————— x

## STIPULATED ADDENDUM TO PROTECTIVE ORDER

The parties agree that the Protective Order (ECF No. 381), signed by Judge

Katherine B. Forrest on May 22, 2014, shall include the following addendum to Paragraph 19 of

the Protective Order:

Third parties providing Discovery Material in response to a subpoena issued by a

party under Fed R. Civ. P. 45 may also designate those materials "Outside Counsel Only."

Outside Counsel Only Discovery Material may only be disclosed to the following persons:

(a)     attorneys employed by outside law firms representing the parties to this

action, along with any paralegal, clerical and/or other assistant employed by such law firms and

involved in this matter;

(b)     the non-party producing the Outside Counsel Only Discovery Material;

(c)     as to any document, its author, its addressee, and any other person

indicated on the face of the document as having received a copy;

(d)     any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit A to this Protective Order;

(e)     stenographers engaged to transcribe depositions conducted in this action;

(f)     independent photocopying, graphic production services, or litigation support services employed by the parties or their counsel to assist in this action and computer service personnel performing duties in relation to a computerized litigation system;

(g)     the Court and its support personnel; and

(h)     any other person whom the producing person agrees in writing may have access to such Outside Counsel Only Discovery Material.

**SO STIPULATED AND AGREED:**

DATED: September 29, 2015

So ordered.
K - B. Jou
US DJ

10/1/15

NUSSBAUM LAW GROUP, P.C.
Linda P. Nussbaum
Bradley J. Demuth
570 Lexington Avenue, 19th Floor
New York, NY 10022
Telephone: (212) 702-7055
(212) 681-0300 (fax)
Email: bdemuth@nussbaumpc.com

2