**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
         :
         :
         :

IN RE ALUMINUM WAREHOUSING   :
ANTITRUST LITIGATION           :    MDL No. 2481
         :    Master Docket No.
This Document Relates To:     :    13-md-2481 (PAE)
         :
*Reynolds Consumer Products LLC and* :    **ANSWER**
*Southwire Company, LLC* v. *Glencore AG,* :
*et al.*, Case No. 1:16-CV-5955-PAE   :
(S.D.N.Y.)               :
         :
         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### ANSWER OF DEFENDANTS GOLDMAN SACHS & CO. LLC, GOLDMAN SACHS INTERNATIONAL, J. ARON & COMPANY, MITSI HOLDINGS LLC AND METRO INTERNATIONAL TRADE SERVICES LLC TO THE FIRST AMENDED COMPLAINT OF REYNOLDS CONSUMER PRODUCTS LLC AND SOUTHWIRE COMPANY, LLC

Defendants Goldman Sachs & Co. LLC,[1] Goldman Sachs International and

J. Aron & Company (collectively, "Goldman Sachs") and MITSI Holdings LLC and Metro

International Trade Services LLC (collectively, "Metro"), by their undersigned counsel, respond

as follows to the allegations in the First Amended Complaint of Plaintiffs Reynolds Consumer

Products LLC ("Reynolds") and Southwire Company, LLC ("Southwire") (collectively,

"Plaintiffs"), dated November 18, 2019 (the "Complaint"), insofar as they are made against

them.

      Goldman Sachs and Metro incorporate into each such response a denial of all

allegations in the Complaint (including those outside of the knowledge and information of

Goldman Sachs and Metro), except with respect to those specific allegations expressly admitted

---

[1] The Complaint names as a Defendant Goldman, Sachs & Co., which converted to a New York LLC named Goldman Sachs & Co. LLC in 2017.

herein, and deny any averments in the Table of Contents, headings and subheadings of the Complaint.  Goldman Sachs and Metro intend to respond only to allegations directed at Goldman Sachs and Metro individually, and where Goldman Sachs and Metro respond to allegations that concern "Defendants" and not Goldman Sachs and Metro individually, Goldman Sachs and Metro deny knowledge or information sufficient to form a belief as to the truth of the allegations as to the other Defendants unless Goldman Sachs and Metro expressly state otherwise.

For the sake of clarity, and unless otherwise expressly stated, Goldman Sachs and Metro herein use the defined terms and phrases set forth in the Complaint.  In so doing, however, Goldman Sachs and Metro do not concede that any such definitions are proper.

Goldman Sachs and Metro further respond to the specific allegations in the Complaint as follows:

<u>**ANSWER**</u>

Goldman Sachs and Metro deny the allegations of the initial paragraph of the Complaint, except admit and aver that Plaintiffs purport to describe their action.

1.      Goldman Sachs and Metro deny the allegations of paragraph 1.

2.      Goldman Sachs and Metro deny the allegations of paragraph 2, except (a) deny knowledge or information sufficient to form a belief as to the truth of the allegations of the first and second sentences of paragraph 2, and (b) admit and aver that Southwire purchased aluminum from time to time from J. Aron & Company.

3.      Goldman Sachs and Metro deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3.

4.      Goldman Sachs and Metro deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4.

5.     Goldman Sachs and Metro deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5, except admit and aver that Southwire purchased aluminum from time to time from J. Aron & Company.

6.     Goldman Sachs and Metro deny the allegations of paragraph 6, except (a) admit and aver on information and belief that various non-parties publish different regional premia for different metals, including aluminum, and (b) deny knowledge or information sufficient to form a belief as to the truth of the allegations of the last sentence of paragraph 6.

7.     Goldman Sachs and Metro deny the allegations of paragraph 7.

8.     Goldman Sachs and Metro deny the allegations of paragraph 8.

9.     Goldman Sachs and Metro deny the allegations of paragraph 9.

10.     Goldman Sachs and Metro deny the allegations of paragraph 10.

11.     Goldman Sachs and Metro deny the allegations of paragraph 11, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the amount of aluminum purchased by either Plaintiff.

12.     Goldman Sachs and Metro deny the allegations of paragraph 12, except admit and aver that the Complaint purports to assert claims as described therein.

13.     Goldman Sachs and Metro deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13.

14.     Goldman Sachs and Metro deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14.

15.     Goldman Sachs and Metro deny the allegations of paragraph 15, except (a) admit and aver that Goldman, Sachs & Co. converted to a New York LLC named Goldman Sachs & Co. LLC in 2017, and that Goldman Sachs & Co. LLC is (i) a New York limited

partnership, (ii) a subsidiary of The Goldman Sachs Group, Inc. and (iii) headquartered at 200 West Street, New York, New York 10282, and (b) respectfully refer the Court to The Goldman Sachs Group, Inc.'s website and public filings for a complete and accurate description of its businesses.

16.     Goldman Sachs and Metro deny the allegations of paragraph 16, except (a) admit and aver that Goldman Sachs International is (i) headquartered at Peterborough Court, 133 Fleet Street, London EC4A 2BB, United Kingdom, (ii) a subsidiary of The Goldman Sachs Group, Inc. and (iii) a provisionally registered swap dealer with the Commodities Futures Trading Commission ("CFTC"), and (b) respectfully refer the Court to the Securities and Exchange Commission ("SEC") filings referenced therein for a complete and accurate description of their contents.

17.     Goldman Sachs and Metro deny the allegations of paragraph 17, except admit and aver that J. Aron & Company (a) is a New York general partnership, (b) is a subsidiary of The Goldman Sachs Group, Inc., (c) is headquartered at 200 West Street, New York, New York 10282, (d) trades commodities and (e) sold aluminum to various entities, including Southwire, from time to time.

18.     To the extent that the allegations of paragraph 18 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Goldman Sachs and Metro deny the allegations of paragraph 18.

19.     Goldman Sachs and Metro admit and aver the allegations of paragraph 19, except admit and aver that Metro International Trade Services LLC is organized under Delaware law.

20.     Goldman Sachs and Metro deny the allegations of paragraph 20, except admit and aver that (a) MITSI Holdings LLC is a Delaware limited liability company and (b) Goldman Sachs sold Metro in 2014.

21.     Goldman Sachs and Metro deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21, except respectfully refer the Court to the public filings of JPMorgan Chase & Co. for a complete and accurate description of its businesses.

22.     Goldman Sachs and Metro deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22, except respectfully refer the Court to the public filings of JPMorgan Chase & Co. for a complete and accurate description of its businesses.

23.     Goldman Sachs and Metro deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23, except admit and aver on information and belief that Henry Bath LLC operates LME-certified warehouses at various locations in the United States.

24.     Goldman Sachs and Metro deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24, except respectfully refer the Court to the public filings of Glencore, Ltd. for a complete and accurate description of its businesses.

25.     Goldman Sachs and Metro deny the allegations of the second sentence of paragraph 25, and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 25, except respectfully refer the Court to the public filings of Glencore PLC for a complete and accurate description of its businesses.

26.     Goldman Sachs and Metro deny the allegations of the second sentence of paragraph 26, and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 26, except respectfully refer the Court to the public filings of Glencore PLC and Century Aluminum Company for a complete and accurate description of their businesses.

27.     Goldman Sachs and Metro deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27, except admit and aver on information and belief that Access World (USA) LLC (f/k/a Pacorini Metals USA LLC) operates LME-certified warehouses at various locations in the United States.

28.     Goldman Sachs and Metro deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28, except admit and aver on information and belief that Access World (Vlissingen) BV (f/k/a Pacorini Vlissingen BV) operates LME-certified warehouses in the Netherlands.

29.     To the extent that the allegations of paragraph 29 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Goldman Sachs and Metro deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29.

30.     To the extent that the allegations of paragraph 30 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Goldman Sachs and Metro deny the allegations of paragraph 30, except admit and aver that Plaintiff purports to describe the nature of this action and the relief sought.

31.     The allegations of paragraph 31 consist of legal conclusions to which no response is required or appropriate.

32.     To the extent that the allegations of paragraph 32 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Goldman Sachs and Metro deny the allegations of paragraph 32.

33.     To the extent that the allegations of paragraph 33 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Goldman Sachs and Metro deny the allegations of paragraph 33, except admit and aver that Plaintiff purports to base venue in this action on the statutes cited therein.

34.     Goldman Sachs and Metro deny that the allegations of paragraph 34 present a fair and complete description of the matters purportedly described therein.

35.     Goldman Sachs and Metro deny that the allegations of paragraph 35 present a fair and complete description of the matters purportedly described therein, except admit and aver that aluminum is a corrosion-resistant, non-ferrous metal that is used in the manufacture of various products.

36.     Goldman Sachs and Metro deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36.

37.     Goldman Sachs and Metro deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37.

38.     Goldman Sachs and Metro deny that the allegations of paragraph 38 present a fair and complete description of the matters purportedly described therein.

39.     Goldman Sachs and Metro deny that the allegations of paragraph 39 present a fair and complete description of the matters purportedly described therein, except admit and aver on information and belief that P1020 is a commodity grade aluminum.

40.     Goldman Sachs and Metro deny the allegations of paragraph 40, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 concerning Reynolds, Southwire and their customers.

41.     Goldman Sachs and Metro deny the allegations of paragraph 41, except (a) respectfully refer the Court to the unidentified DOJ document referenced therein for a complete and accurate statement of its contents, and (b) admit and aver on information and belief that aluminum supply tends to be inelastic.

42.     Goldman Sachs and Metro deny the allegations of paragraph 42, except admit and aver on information and belief that aluminum supply tends to be inelastic.

43.     To the extent that the allegations of paragraph 43 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Goldman Sachs and Metro deny that the allegations of paragraph 43 present a fair and complete description of the matters purportedly described therein, and deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 concerning Southwire and Reynolds, except admit and aver that Plaintiffs purport to allege that primary aluminum can be considered a relevant product market.

44.     To the extent that the allegations of paragraph 44 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Goldman Sachs and Metro deny that the allegations of paragraph 44 present a fair and complete description of the matters purportedly described therein, except (a) admit and aver on information and belief that (i) aluminum production occurs on a global basis, (ii) aluminum is shipped throughout the globe and (iii) the United States imports substantial quantities of

aluminum, including from Canada, and (b) admit and aver that Plaintiffs purport to allege that

the relevant geographic market is at least as large as the United States and Canada.

45.     Goldman Sachs and Metro deny that the allegations of paragraph 45

present a fair and complete description of the matters purportedly described therein, except

respectfully refer the Court to the LME's website for a complete and accurate description of its

trading platforms.

46.     Goldman Sachs and Metro deny that the allegations of paragraph 46

present a fair and complete description of the matters purportedly described therein, except

respectfully refer the Court to the LME's website for a complete and accurate description of the

LME cash price.

47.     Goldman Sachs and Metro deny the allegations of paragraph 47, except

(a) deny knowledge or information sufficient to form a belief as to the truth of the allegations of

paragraph 47 concerning Southwire and Reynolds, and (b) admit and aver on information and

belief that regional premia are published by various non-parties, including Platts.

48.     Goldman Sachs and Metro deny that the allegations of paragraph 48

present a fair and complete description of the matters purportedly described therein, except

respectfully refer the Court to the webpage quoted therein for a complete and accurate

description of its contents.

49.     Goldman Sachs and Metro deny that the allegations of paragraph 49

present a fair and complete description of the matters purportedly described therein.

50.     Goldman Sachs and Metro deny the allegations of paragraph 50, except

(a) deny knowledge or information sufficient to form a belief as to the truth of the allegations of

the first sentence of paragraph 50, and (b) respectfully refer the Court to the document quoted therein for a complete and accurate description of its contents.

51.     Goldman Sachs and Metro deny the allegations of the third sentence of paragraph 51, and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 51.

52.     Goldman Sachs and Metro deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52, except admit and aver that Southwire purchased aluminum from J. Aron & Company from time to time.

53.     Goldman Sachs and Metro deny that the allegations of paragraph 53 present a fair and complete description of the matters purportedly described therein, except (a) admit and aver that the LME certifies a global network of warehouses for storage of metals, (b) respectfully refer the Court to the LME's website for a complete and accurate description of the locations and operations of LME-certified warehouses, and (c) respectfully refer the Court to the webpage quoted therein for a complete and accurate description of its contents.

54.     Goldman Sachs and Metro deny the allegations of paragraph 54, except (a) admit and aver that Metro, Henry Bath and Pacorini (or their affiliates) operate LME-certified warehouses in the United States and at other locations around the world, (b) admit and aver that Metro operates LME-certified warehouses in Detroit, Chicago, Mobile and New Orleans, and (c) respectfully refer the Court to the LME's website for a complete and accurate description of the locations of LME-certified warehouses in the United States.

55.     Goldman Sachs and Metro deny that the allegations of paragraph 55 present a fair and complete description of the matters purportedly described therein, except

respectfully refer the Court to the LME's website for a complete and accurate description of LME warrants.

56.     Goldman Sachs and Metro deny that the allegations of the first sentence of paragraph 56 present a fair and complete description of the matters purportedly described therein, and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 56, except respectfully refer the Court to the LME's website for a complete and accurate description of LME warrants and LME futures contracts.

57.     Goldman Sachs and Metro deny the allegations of paragraph 57, except admit and aver on information and belief that warrants are issued only for aluminum stored at LME-certified warehouses and that the owner of a warrant that seeks delivery of the aluminum covered by the warrant must cancel the warrant.

58.     Goldman Sachs and Metro deny the allegations of the first and second sentences of paragraph 58, and deny that the allegations of the third sentence of paragraph 58 present a fair and complete description of the matters purportedly described therein.

59.     Goldman Sachs and Metro deny the allegations of paragraph 59.

60.     Goldman Sachs and Metro deny the allegations of paragraph 60, except respectfully refer the Court to the webpage quoted therein for a complete and accurate description of its contents.

61.     Goldman Sachs and Metro deny the allegations of paragraph 61.

62.     Goldman Sachs and Metro deny the allegations of paragraph 62.

63.     Goldman Sachs and Metro deny the allegations of paragraph 63, except admit and aver that Goldman Sachs, JPMorgan and Glencore each acquired companies that operated metals warehouses at different points in time in 2010.

64.     Goldman Sachs and Metro deny the allegations of paragraph 64, except admit and aver that (a) Goldman Sachs acquired a company that operated metals warehouses in 2010 and (b) Metro operates LME-certified warehouses at various locations in the United States, some of which store aluminum.

65.     Goldman Sachs and Metro deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 65, except admit and aver on information and belief that (a) JPMorgan acquired a company that operated metals warehouses in 2010 and (b) Henry Bath & Son, Ltd. is an operator of LME-certified warehouses at various locations in the United States.

66.     Goldman Sachs and Metro deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 66, except respectfully refer the Court to the document quoted therein for a complete and accurate description of its contents.

67.     Goldman Sachs and Metro deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 67, except (a) admit and aver on information and belief that Glencore acquired a company that operated metals warehouses in 2010, and (b) admit and aver on information and belief that Pacorini Metals USA LLC operates LME-certified warehouses at various locations in the United States.

68.     Goldman Sachs and Metro deny the allegations of paragraph 68, except (a) admit and aver that Metro, Henry Bath and Pacorini (or their affiliates) operate LME-certified warehouses in the United States and at other locations around the world, and (b) respectfully refer the Court to the document quoted therein for a complete and accurate description of its contents.

69.     Goldman Sachs and Metro deny the allegations of paragraph 69.

70.     Goldman Sachs and Metro deny the allegations of paragraph 70.

71.     Goldman Sachs and Metro deny the allegations of paragraph 71.

72.     Goldman Sachs and Metro deny the allegations of paragraph 72, except (a) admit and aver that the LME has a policy regarding information barriers between warehouse companies and their related trading companies, (b) respectfully refer the Court to LME notices, including Notice Nos. 11/334 and 14/202, for a complete and accurate description of the LME's information barrier policy, and (c) respectfully refer the Court to the document quoted in paragraph 72 for a complete and accurate description of its contents.

73.     Goldman Sachs and Metro deny the allegations of paragraph 73.

74.     Goldman Sachs and Metro deny the allegations of paragraph 74, except (a) admit and aver that (i) various Goldman Sachs employees served on the Board of Directors of Metro at various times and (ii) Scott Evans was a trader on the New York metals trading desk of J. Aron & Company who traded physical aluminum, and (b) respectfully refer the Court to the document cited therein for a complete and accurate description of its contents.

75.     Goldman Sachs and Metro deny the allegations of paragraph 75, except (a) admit and aver that (i) Stephen Branton-Speak was head of a metals trading desk of J. Aron & Company and was a director of the LME and (ii) Jacques Gabillon previously led Goldman Sachs' Global Commodities Principal Investments Group and served as the Chairman of the Board of Directors of MITSI Holdings LLC, and (b) respectfully refer the Court to the document quoted therein for a complete and accurate description of its contents.

76.     Goldman Sachs and Metro deny the allegations of paragraph 76, except respectfully refer the Court to the document quoted therein for a complete and accurate description of its contents.

77.     Goldman Sachs and Metro deny the allegations of paragraph 77, except respectfully refer the Court to the document quoted therein for a complete and accurate description of its contents.

78.     Goldman Sachs and Metro deny the allegations of paragraph 78, except respectfully refer the Court to the document quoted therein for a complete and accurate description of its contents.

79.     Goldman Sachs and Metro deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 79.

80.     Goldman Sachs and Metro deny the allegations of paragraph 80, except admit and aver that from time to time JPMorgan entities have owned warrants for aluminum stored at Metro warehouses in the United States.

81.     Goldman Sachs and Metro deny the allegations of paragraph 81.

82.     Goldman Sachs and Metro deny the allegations of paragraph 82.

83.     Goldman Sachs and Metro deny the allegations of paragraph 83, except respectfully refer the Court to the document quoted therein for a complete and accurate description of its contents.

84.     Goldman Sachs and Metro deny the allegations of paragraph 84, except respectfully refer the Court to the document quoted therein for a complete and accurate description of its contents.

85.     Goldman Sachs and Metro deny the allegations of paragraph 85.

86.     Goldman Sachs and Metro deny the allegations of paragraph 86.

87.    Goldman Sachs and Metro deny the allegations of paragraph 87, except respectfully refer the Court to the LME's minimum load-out rules for a complete and accurate description of their contents.

88.    Goldman Sachs and Metro deny the allegations of paragraph 88, except respectfully refer the Court to the LME's minimum load-out rules for a complete and accurate description of their contents.

89.    Goldman Sachs and Metro deny the allegations of paragraph 89.

90.    Goldman Sachs and Metro deny the allegations of paragraph 90, except (a) admit and aver that Metro tracked its compliance with the LME's minimum load-out requirement, and (b) respectfully refer the Court to the LME's minimum load-out rules for a complete and accurate description of their contents.

91.    Goldman Sachs and Metro deny the allegations of paragraph 91.

92.    Goldman Sachs and Metro deny the allegations of paragraph 92, except (a) admit and aver on information and belief that "contango" is a term often used to indicate that the futures price of a commodity is higher than its present spot price, and (b) respectfully refer the Court to the documents quoted therein for a complete and accurate description of their contents.

93.    Goldman Sachs and Metro deny the allegations of paragraph 93, except respectfully refer the Court to the document quoted therein for a complete and accurate description of its contents.

94.    Goldman Sachs and Metro deny the allegations of paragraph 94, except respectfully refer the Court to the document quoted therein for a complete and accurate description of its contents.

95.     Goldman Sachs and Metro deny the allegations of paragraph 95.

96.     Goldman Sachs and Metro deny the allegations of paragraph 96, except (a) admit and aver that Metro offered financial incentives to some aluminum owners in connection with the storage of aluminum at Metro's Detroit warehouses, and (b) respectfully refer the Court to the document cited therein for a complete and accurate description of its contents.

97.     Goldman Sachs and Metro deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 97, except respectfully refer the Court to the document quoted therein for a complete and accurate description of its contents.

98.     Goldman Sachs and Metro deny the allegations of paragraph 98.

99.     Goldman Sachs and Metro deny the allegations of paragraph 99.

100.    Goldman Sachs and Metro deny the allegations of paragraph 100, except respectfully refer the Court to the document quoted therein for a complete and accurate description of its contents.

101.    Goldman Sachs and Metro deny the allegations of paragraph 101.

102.    Goldman Sachs and Metro deny the allegations of paragraph 102, except respectfully refer the Court to the document quoted therein for a complete and accurate description of its contents.

103.    Goldman Sachs and Metro deny the allegations of paragraph 103, except (a) admit and aver on information and belief that the owner of a warrant that seeks delivery of the aluminum covered by that warrant must cancel the warrant, and (b) respectfully refer the Court to the document cited therein for a complete and accurate description of its contents.

104.    Goldman Sachs and Metro deny the allegations of paragraph 104.

105.    Goldman Sachs and Metro deny the allegations of paragraph 105.

106.    Goldman Sachs and Metro deny the allegations of paragraph 106, except respectfully refer the Court to the document quoted therein for a complete and accurate description of its contents.

107.    Goldman Sachs and Metro deny the allegations of paragraph 107, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of the fourth through seventh sentences of paragraph 107.

108.    Goldman Sachs and Metro deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 108, except respectfully refer the Court to the document cited therein for a complete and accurate description of its contents.

109.    Goldman Sachs and Metro deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 109, except respectfully refer the Court to the document cited therein for a complete and accurate description of its contents.

110.    Goldman Sachs and Metro deny the allegations of paragraph 110.

111.    Goldman Sachs and Metro deny the allegations of paragraph 111, except respectfully refer the Court to the document cited therein for a complete and accurate description of its contents.

112.    Goldman Sachs and Metro deny the allegations of paragraph 112.

113.    Goldman Sachs and Metro deny the allegations of paragraph 113, except respectfully refer the Court to the document quoted therein for a complete and accurate description of its contents.

114.    Goldman Sachs and Metro deny the allegations of paragraph 114, except respectfully refer the Court to the document quoted therein for a complete and accurate description of its contents.

115.    Goldman Sachs and Metro deny the allegations of paragraph 115, except respectfully refer the Court to the document quoted therein for a complete and accurate description of its contents.

116.    Goldman Sachs and Metro deny the allegations of paragraph 116, except admit and aver that JPMorgan at various times held warrants for aluminum stored at warehouses operated by Metro.

117.    Goldman Sachs and Metro deny the allegations of paragraph 117.

118.    Goldman Sachs and Metro deny the allegations of paragraph 118, except respectfully refer the Court to the document quoted therein for a complete and accurate description of its contents.

119.    Goldman Sachs and Metro deny the allegations of paragraph 119, except respectfully refer the Court to the document quoted therein for a complete and accurate description of its contents.

120.    Goldman Sachs and Metro deny the allegations of paragraph 120, except respectfully refer the Court to the document quoted therein for a complete and accurate description of its contents.

121.    Goldman Sachs and Metro deny the allegations of paragraph 121.

122.    Goldman Sachs and Metro deny the allegations of paragraph 122, except (a) admit and aver on information and belief that large amounts of aluminum are stored in

facilities not certified by the LME, and (b) respectfully refer the Court to the document cited therein for a complete and accurate description of its contents.

123.    Goldman Sachs and Metro deny the allegations of paragraph 123, except admit and aver that (a) Deutsche Bank entered into an agreement with Metro in 2010 with respect to aluminum stored in Metro's Detroit warehouses and (b) Metro has entered into agreements with Red Kite and Glencore affiliates with respect to aluminum stored in Metro's Detroit warehouses.

124.    Goldman Sachs and Metro deny the allegations of paragraph 124.

125.    Goldman Sachs and Metro deny the allegations of paragraph 125, except respectfully refer the Court to the document quoted therein for a complete and accurate description of its contents.

126.    Goldman Sachs and Metro deny the allegations of paragraph 126, except (a) admit and aver that Chris Wibbelman sent an email to Jacques Gabillon and Greg Agran on October 25, 2011, and (b) respectfully refer the Court to that email for a complete and accurate description of its contents.

127.    Goldman Sachs and Metro deny the allegations of paragraph 127, except admit and aver that JPMorgan at various times held warrants for metal stored at warehouses operated by Metro.

128.    Goldman Sachs and Metro deny the allegations of paragraph 128, except admit and aver that JPMorgan and Glencore entities at various times held warrants for metal stored at warehouses operated by Metro.

129.    Goldman Sachs and Metro deny the allegations of paragraph 129, except (a) admit and aver that a load-out queue for aluminum existed at Metro's Detroit warehouses in

2013 and 2014, and (b) respectfully refer the Court to the documents cited therein for a complete and accurate description of their contents.

130.    Goldman Sachs and Metro deny the allegations of paragraph 130, except (a) admit and aver on information and belief that (i) Pacorini BV operates an LME-certified warehouse in Vlissingen, Netherlands, and (ii) a load-out queue for aluminum existed at that warehouse in 2013 and 2014, and (b) respectfully refer the Court to the documents cited therein for a complete and accurate description of their contents.

131.    Goldman Sachs and Metro deny the allegations of paragraph 131, except admit and aver on information and belief that the amount of aluminum in storage at LME-certified warehouses increased between 2008 and April 2013.

132.    Goldman Sachs and Metro deny the allegations of paragraph 132, except admit and aver that Metro's Detroit warehouses stored approximately 1.4 million MT of aluminum in January 2013.

133.    Goldman Sachs and Metro deny that the allegations of paragraph 133 present a fair and complete description of the matters purportedly described and shown therein, except respectfully refer the Court to published reports of the Midwest Premium and LME Cash Prices for a complete and accurate description of their contents.

134.    Goldman Sachs and Metro deny the allegations of paragraph 134, except respectfully refer the Court to published reports of the Midwest Premium and LME Cash Price for a complete and accurate description of their contents.

135.    Goldman Sachs and Metro deny the allegations of paragraph 135.

136.    Goldman Sachs and Metro deny the allegations of paragraph 136, except (a) admit and aver that Metro reached a settlement in 2016 of an investigation by the LME

without admitting or denying any alleged breaches of LME rules, and (b) respectfully refer the Court to the document quoted therein for a complete and accurate description of its contents.

137.    Goldman Sachs and Metro deny the allegations of paragraph 137, except respectfully refer the Court to the documents quoted therein for a complete and accurate description of their contents.

138.    Goldman Sachs and Metro deny the allegations of paragraph 138.

139.    Goldman Sachs and Metro deny the allegations of paragraph 139, except (a) admit and aver that J. Aron & Company sold aluminum to Southwire and other aluminum users from time to time, and (b) deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Glencore.

140.    Goldman Sachs and Metro deny the allegations of paragraph 140.

141.    Goldman Sachs and Metro deny the allegations of paragraph 141.

142.    Goldman Sachs and Metro deny the allegations of paragraph 142, except (a) admit and aver that J. Aron & Company trades physical metal, including aluminum, (b) deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning JPMorgan, and (c) respectfully refer the Court to the document cited therein for a complete and accurate description of its contents.

143.    Goldman Sachs and Metro deny the allegations of paragraph 143, except (a) admit and aver on information and belief that "contango" is a term often used to indicate that the futures price of a commodity is higher than its present spot price, (b) deny that the allegations of the second sentence of paragraph 143 present a fair and complete description of the matters purportedly described therein, and (c) respectfully refer the Court to the document quoted therein for a complete and accurate description of its contents.

144.     Goldman Sachs and Metro deny the allegations of paragraph 144, including its footnote, except (a) admit and aver on information and belief that (i) affiliates of Goldman Sachs, JPMorgan and Glencore trade futures on the LME, (ii) LME warehouses can earn revenue from daily rents for metal in storage and from "free on truck" charges for metal delivered out of the warehouse and (iii) LME warehouses submit their maximum daily rents and "free on truck" rates for the annual period from April 1 to March 31 to the LME by December 1 of the preceding year and the LME publishes such information; (b) deny knowledge or information sufficient to form a belief as to the truth of the allegations of the fourth sentence of paragraph 144; and (c) respectfully refer the Court to the daily warehouse rental rates and "free on truck" charges for primary aluminum published by the LME for a complete and accurate statement of their contents.

145.     Goldman Sachs and Metro deny the allegations of paragraph 145.

146.     Goldman Sachs and Metro deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 146, except admit and aver on information and belief that certain aluminum users have complained to the LME.

147.     Goldman Sachs and Metro deny the allegations of paragraph 147, except respectfully refer the Court to the document cited therein for a complete and accurate description of its contents.

148.     Goldman Sachs and Metro deny the allegations of paragraph 148, except respectfully refer the Court to the document quoted therein for a complete and accurate description of its contents.

149.    Goldman Sachs and Metro deny the allegations of paragraph 149, except respectfully refer the Court to the document quoted therein for a complete and accurate description of its contents.

150.    Goldman Sachs and Metro deny the allegations of paragraph 150 to the extent they suggest that Goldman Sachs or Metro engaged in wrongful or improper conduct, except (a) admit and aver that the Senate Permanent Subcommittee on Investigations released the Senate Report in November 2014, and (b) respectfully refer the Court to that report for a complete and accurate description of its contents.

151.    Goldman Sachs and Metro deny the allegations of paragraph 151.

152.    Goldman Sachs and Metro deny the allegations of paragraph 152.

153.    Goldman Sachs and Metro deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 153, except respectfully refer the Court to the document cited therein for a complete and accurate description of its contents.

154.    Goldman Sachs and Metro deny the allegations of paragraph 154, except (a) admit and aver that (i) Goldman Sachs' then-President and COO Gary Cohn was interviewed on CNBC on July 31, 2013, and (ii) Goldman Sachs sold Metro in December 2014, and (b) respectfully refer the Court to the transcript of the CNBC interview and the document cited in paragraph 154 for a complete and accurate description of their contents.

155.    Goldman Sachs and Metro deny the allegations of paragraph 155, except respectfully refer the Court to the LME's July 1, 2013 notice of consultation on the Linked Load-In/Load-Out Proposal and the document cited in paragraph 155 for a complete and accurate description of their contents.

156.    Goldman Sachs and Metro deny the allegations of paragraph 156.

157.    To the extent that the allegations of paragraph 157 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Goldman Sachs and Metro deny the allegations of paragraph 157.

158.    To the extent that the allegations of paragraph 158 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Goldman Sachs and Metro deny the allegations of paragraph 158.

159.    To the extent that the allegations of paragraph 159 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Goldman Sachs and Metro deny the allegations of paragraph 159.

160.    In answer to the allegations of paragraph 160, Goldman Sachs and Metro incorporate and restate their answers to each preceding and succeeding paragraph as if fully set forth herein.

161.    To the extent that the allegations of paragraph 161 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Goldman Sachs and Metro deny the allegations of paragraph 161.

162.    To the extent that the allegations of paragraph 162 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Goldman Sachs and Metro deny the allegations of paragraph 162.

163.    To the extent that the allegations of paragraph 163 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Goldman Sachs and Metro deny the allegations of paragraph 163.

164.     To the extent that the allegations of paragraph 164 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Goldman Sachs and Metro deny the allegations of paragraph 164.

165.     To the extent that the allegations of paragraph 165 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Goldman Sachs and Metro deny the allegations of paragraph 165.

166.     To the extent that the allegations of paragraph 166 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Goldman Sachs and Metro deny the allegations of paragraph 166.

167.     In answer to the allegations of paragraph 167, Goldman Sachs and Metro incorporate and restate their answers to each preceding and succeeding paragraph as if fully set forth herein.

168.     To the extent that the allegations of paragraph 168 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Goldman Sachs and Metro deny the allegations of paragraph 168.

169.     To the extent that the allegations of paragraph 169 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Goldman Sachs and Metro deny the allegations of paragraph 169.

170.     To the extent that the allegations of paragraph 170 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Goldman Sachs and Metro deny the allegations of paragraph 170.

171.    To the extent that the allegations of paragraph 171 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Goldman Sachs and Metro deny the allegations of paragraph 171.

172.    To the extent that the allegations of paragraph 172 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Goldman Sachs and Metro deny the allegations of paragraph 172.

173.    To the extent that the allegations of paragraph 173 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Goldman Sachs and Metro deny the allegations of paragraph 173.

174.    To the extent that the allegations of paragraph 174 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Goldman Sachs and Metro deny the allegations of paragraph 174.

175.    In answer to the allegations of paragraph 175, Goldman Sachs and Metro incorporate and restate their answers to each preceding and succeeding paragraph as if fully set forth herein.

176.    To the extent that the allegations of paragraph 176 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Goldman Sachs and Metro deny the allegations of paragraph 176.

177.    To the extent that the allegations of paragraph 177 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Goldman Sachs and Metro deny the allegations of paragraph 177.

178.    To the extent that the allegations of paragraph 178 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Goldman Sachs and Metro deny the allegations of paragraph 178.

179.    To the extent that the allegations of paragraph 179 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Goldman Sachs and Metro deny the allegations of paragraph 179.

180.    To the extent that the allegations of paragraph 180 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Goldman Sachs and Metro deny the allegations of paragraph 180.

181.    To the extent that the allegations of paragraph 181 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Goldman Sachs and Metro deny the allegations of paragraph 181.

182.    In answer to the allegations of paragraph 182, Goldman Sachs and Metro incorporate and restate their answers to each preceding and succeeding paragraph as if fully set forth herein.

183.    To the extent that the allegations of paragraph 183 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Goldman Sachs and Metro deny the allegations of paragraph 183.

184.    To the extent that the allegations of paragraph 184 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Goldman Sachs and Metro deny the allegations of paragraph 184.

185.     To the extent that the allegations of paragraph 185 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Goldman Sachs and Metro deny the allegations of paragraph 185.

186.     To the extent that the allegations of paragraph 186 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Goldman Sachs and Metro deny the allegations of paragraph 186.

187.     To the extent that the allegations of paragraph 187 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Goldman Sachs and Metro deny the allegations of paragraph 187.

188.     To the extent that the allegations of paragraph 188 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Goldman Sachs and Metro deny the allegations of paragraph 188.

189.     In answer to the allegations of paragraph 189, Goldman Sachs and Metro incorporate and restate their answers to each preceding and succeeding paragraph as if fully set forth herein.

190.     To the extent that the allegations of paragraph 190 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Goldman Sachs and Metro deny the allegations of paragraph 190.

191.     To the extent that the allegations of paragraph 191 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Goldman Sachs and Metro deny the allegations of paragraph 191.

192.    To the extent that the allegations of paragraph 192 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Goldman Sachs and Metro deny the allegations of paragraph 192.

193.    To the extent that the allegations of paragraph 193 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Goldman Sachs and Metro deny the allegations of paragraph 193.

194.    To the extent that the allegations of paragraph 194 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Goldman Sachs and Metro deny the allegations of paragraph 194.

195.    In answer to the allegations of paragraph 195, Goldman Sachs and Metro incorporate and restate their answers to each preceding and succeeding paragraph as if fully set forth herein.

196.    To the extent that the allegations of paragraph 196 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Goldman Sachs and Metro deny the allegations of paragraph 196.

197.    To the extent that the allegations of paragraph 197 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Goldman Sachs and Metro deny the allegations of paragraph 197.

198.    To the extent that the allegations of paragraph 198 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Goldman Sachs and Metro deny the allegations of paragraph 198.

199.    To the extent that the allegations of paragraph 199 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Goldman Sachs and Metro deny the allegations of paragraph 199.

200.    To the extent that the allegations of paragraph 200 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Goldman Sachs and Metro deny the allegations of paragraph 200.

201.    To the extent that the allegations of paragraph 201 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Goldman Sachs and Metro deny the allegations of paragraph 201.

202.    To the extent that the allegations of paragraph 202 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Goldman Sachs and Metro deny the allegations of paragraph 202.

203.    To the extent that the allegations of paragraph 203 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Goldman Sachs and Metro deny the allegations of paragraph 203.

204.    In answer to the allegations of paragraph 204, Goldman Sachs and Metro incorporate and restate their answers to each preceding and succeeding paragraph as if fully set forth herein.

205.    To the extent that the allegations of paragraph 205 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Goldman Sachs and Metro deny the allegations of paragraph 205.

206.    To the extent that the allegations of paragraph 206 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Goldman Sachs and Metro deny the allegations of paragraph 206.

207.    To the extent that the allegations of paragraph 207 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Goldman Sachs and Metro deny the allegations of paragraph 207.

208.    To the extent that the allegations of paragraph 208 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Goldman Sachs and Metro deny the allegations of paragraph 208.

209.    To the extent that the allegations of paragraph 209 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Goldman Sachs and Metro deny the allegations of paragraph 209.

Goldman Sachs and Metro deny the allegations of the Request for Relief and deny all liability to Plaintiffs, except admit and aver that Plaintiffs purport to seek relief as described therein.

To the extent that the allegations of the Demand for Jury Trial consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Goldman Sachs and Metro deny the allegations of Plaintiffs' Demand for Jury Trial, except admit and aver that Plaintiffs purport to demand a jury.

## DEFENSES

Goldman Sachs and Metro state the following defenses and reserve their right to assert other and additional defenses, cross claims and third-party claims not asserted herein of which they become aware through discovery or other investigation as may be appropriate at a later time.  In asserting these defenses, Goldman Sachs and Metro do not assume any burden of

proof, persuasion or production with respect to any issue where the applicable law places the burden on Plaintiffs.

## FIRST DEFENSE

Goldman Sachs International is not subject to personal jurisdiction.

## SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged damages, if any, are speculative and uncertain.

## FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack antitrust standing to assert those claims.

## FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing to assert those claims.

## SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they have not suffered and cannot demonstrate antitrust injury.

## SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they have not suffered injury in fact.

## EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statute(s) of limitations.

## NINTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

## TENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

## ELEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

## TWELFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they are improperly vague, ambiguous and confusing.

## THIRTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the conduct at issue is not *per se* unlawful under the antitrust laws and does not otherwise constitute an unreasonable restraint of trade.

## FOURTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Goldman Sachs and Metro engaged in independent, unilateral and legitimate business conduct.

## FIFTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the challenged conduct was ancillary to pro-competitive conduct.

## SIXTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to mitigate damages.

### SEVENTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs would be unjustly enriched if they were permitted to obtain any recovery in this action.

### EIGHTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the injuries alleged by Plaintiffs, to the extent any exist, were caused, in whole or in part, by the conduct of third parties for which Goldman Sachs and Metro were not responsible, through forces in the marketplace over which Goldman Sachs and Metro have no control, or through acts or omissions on the part of one or more of the Plaintiffs.

### NINETEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Goldman Sachs and Metro are not liable for the acts of any other Defendant.

### TWENTIETH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because none of the challenged actions or omissions substantially lessened competition within any properly defined market.

### TWENTY-FIRST DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the Complaint has insufficiently alleged a relevant product market and relevant geographic market and is so vague and ambiguous as to deny Goldman Sachs and Metro notice of the markets alleged by Plaintiffs.

### TWENTY-SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, under the Foreign Trade Antitrust Improvements Act, 15 U.S.C.A. § 6a.

### TWENTY-THIRD DEFENSE

Plaintiffs have failed to state an adequate basis for an award of treble damages.

### TWENTY-FOURTH DEFENSE

Plaintiffs' claims based on purchases of aluminum from parties other than Defendants are barred because Plaintiffs are not efficient enforcers of the antitrust laws.

### TWENTY-FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the *Noerr-Pennington* doctrine, the Act of State doctrine and the Court's ruling that the LME load-out rules are a form of government market regulation.

### TWENTY-SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because certain conduct alleged occurred in response to directives, laws, regulations, policies of governments, government agencies and entities, and/or regulatory agencies.

### TWENTY-SEVENTH DEFENSE

Because Plaintiffs' Sherman Act claim fails as a matter of law, the Court lacks subject matter jurisdiction over Plaintiffs' state law claims.

### TWENTY-EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have passed on any alleged overcharge.

### TWENTY-NINTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Goldman Sachs' and Metro's challenged actions or omissions did not proximately cause injury to Plaintiffs.

### THIRTIETH DEFENSE

Goldman Sachs and Metro hereby adopt and incorporate by reference any and all other defenses asserted or to be asserted by any other Defendant to the extent Goldman Sachs and Metro may share in such defense.

**THIRY-FIRST DEFENSE**

Goldman Sachs and Metro reserve their right to assert other and additional

defenses, cross-claims and third-party claims not asserted herein of which they become aware

through discovery or other investigation as may be appropriate at a later time.

**<u>REQUEST FOR RELIEF</u>**

Based on the foregoing, Goldman Sachs and Metro request that (a) judgment be

entered dismissing the Complaint on the merits, in its entirety and with prejudice, and (b) this

Court grant such other relief as it deems just and appropriate.


Dated:   New York, New York
        January 10, 2020

Respectfully submitted,

/s/  Richard C. Pepperman II
Richard C. Pepperman II
(*peppermanr@sullcrom.com*)
Suhana S. Han (*hans@sullcrom.com*)
William H. Wagener
(*wagenerw@sullcrom.com*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004-2498
Telephone:  (212) 558-4000
Facsimile:  (212) 558-3588

*Attorneys for Defendants Goldman Sachs*
*& Co. LLC, J. Aron & Company,*
*Goldman Sachs International, MITSI*
*Holdings LLC and Metro International*
*Trade Services LLC*