**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| REYNOLDS CONSUMER PRODUCTS LLC; and SOUTHWIRE COMPANY, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> GLENCORE AG; GLENCORE, LTD.; GLENCORE INTERNATIONAL AG; GOLDMAN SACHS & CO.; GOLDMAN SACHS INTERNATIONAL; HENRY BATH LLC; J. ARON & COMPANY; JPMORGAN CHASE BANK, N.A.; JP MORGAN SECURITIES PLC; METRO INTERNATIONAL TRADE SERVICES, LLC; MITSI HOLDINGS LLC; ACCESS WORLD (USA) LLC; ACCESS WORLD AG; and ACCESS WORLD (VLISSINGEN) BV. <br><br> Defendants. | Case No. 1:16-CV-5955-PAE |

**DEFENDANT JP MORGAN SECURITIES PLC'S ANSWER AND
AFFIRMATIVE DEFENSES TO THE AMENDED COMPLAINT OF
<u>REYNOLDS CONSUMER PRODUCTS LLC & SOUTHWIRE COMPANY, LLC</u>**

Defendant JPMorgan Securities PLC ("JPMorgan Securities"), by and through its

attorneys, responds as follows to the allegations in the Amended Complaint of Plaintiffs

Reynolds Consumer Products LLC and Southwire Company, LLC ("Plaintiffs"), dated

November 20, 2019 ("Complaint"), insofar as they are made against it.

To the extent that the Complaint's headings, subheadings, or table of contents contain

factual allegations, they are denied.

<u>**ANSWER**</u>

1.      Paragraph 1 purports to characterize the nature of Plaintiffs' action and states a

legal conclusion, and therefore does not require a response.  To the extent a response is required,

JPMorgan Securities denies the allegations in Paragraph 1 as they might pertain to it.  JPMorgan Securities lacks knowledge or information sufficient to form a belief concerning the truth of the allegations as they might pertain to others, and denies those allegations on that basis.

2.      Paragraph 2 states a legal conclusion, and therefore does not require a response. To the extent a response is required, JPMorgan Securities denies the allegations in Paragraph 2 as they might pertain to it.  JPMorgan Securities lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 2 as they might pertain to others, and denies those allegations on that basis.

3.       JPMorgan Securities lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 3, and denies those allegations on that basis.

4.      JPMorgan Securities lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 4, and denies those allegations on that basis.

5.      JPMorgan Securities lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 5, and denies those allegations on that basis.

6.      JPMorgan Securities lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 6, and denies those allegations on that basis.

7.      Paragraph 7 purports to characterize the nature of Plaintiffs' action and states a legal conclusion, and therefore does not require a response.  To the extent a response is required, JPMorgan Securities denies the allegations in Paragraph 7 as they might pertain to it.

8.      JPMorgan Securities denies the allegations in Paragraph 8 as they might pertain to it.  JPMorgan Securities lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 8 as they might pertain to others, and denies those allegations on that basis.

9.      JPMorgan Securities denies the allegations in Paragraph 9 as they might pertain to it.  JPMorgan Securities lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 9 as they might pertain to others, and denies those allegations on that basis.

10.      Paragraph 10 purports to characterize the nature of Plaintiffs' action and states a legal conclusion, and therefore does not require a response.  To the extent a response is required, JPMorgan Securities denies the allegations in Paragraph 10 as they might pertain to it. JPMorgan Securities lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 10 as they might pertain to others, and denies those allegations on that basis.

11.      Paragraph 11 purports to characterize the nature of Plaintiffs' action and states a legal conclusion, and therefore does not require a response.  To the extent a response is required, JPMorgan Securities denies the allegations in Paragraph 11 as they might pertain to it, lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 11 as they might pertain to others, and denies those allegations on that basis.

12.      Paragraph 12 states a legal conclusion to which no response is required.  To the extent a response is required, JPMorgan Securities denies the allegations in Paragraph 12 as they might pertain to it, lacks  knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 10 as they might pertain to others, and denies those allegations on that basis.

13.      JPMorgan Securities lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 13, and denies those allegations on that basis.

14.     JPMorgan Securities lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 14, and denies those allegations on that basis.

15.     JPMorgan Securities lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 15, and denies those allegations on that basis.

16.     JPMorgan Securities lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 16, and denies those allegations on that basis.

17.     JPMorgan Securities lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 17, and denies those allegations on that basis.

18.     JPMorgan Securities lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 18, and denies those allegations on that basis.

19.     JPMorgan Securities lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 19, and denies those allegations on that basis.

20.     JPMorgan Securities lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 20, and denies those allegations on that basis.

21.     JPMorgan Securities admits on information and belief that JPMorgan Chase Bank, N.A. ("JPMorgan") is a federally-chartered national banking association, and a wholly-owned subsidiary of JPMorgan Chase & Co.  JPMorgan Securities lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 21, and denies those allegations on that basis.

22.     JPMorgan Securities admits that it provides securities brokerage services and admits that it is headquartered at 25 Bank Street, Canary Wharf, London E14 5JP, United Kingdom. The SEC filings speak for themselves and as such, no response to that portion of

Paragraph 22 is required. JPMorgan Securities denies the remaining allegations in Paragraph 22 as they might pertain to it.

23.     JPMorgan Securities admits on information and belief that Henry Bath LLC ("Henry Bath") operates warehouses in the United States and is a subsidiary of Henry Bath & Son, Ltd., but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23 and denies those allegations on that basis.

24.     JPMorgan Securities lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 24, and denies those allegations on that basis.

25.     JPMorgan Securities denies the allegations in Paragraph 25 as they might pertain to it.  JPMorgan Securities lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 25 as they might pertain to others, and denies those allegations on that basis.

26.     JPMorgan Securities denies the allegations in Paragraph 26 as they might pertain to it.  JPMorgan Securities lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 26 as they might pertain to others, and denies those allegations on that basis.

27.     JPMorgan Securities lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 27, and denies those allegations on that basis.

28.     JPMorgan Securities lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 28, and denies those allegations on that basis.

29.     JPMorgan Securities lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 29, and denies those allegations on that basis.

30.     Paragraph 30 states legal conclusions to which no response is required.  To the extent a response is required, JPMorgan Securities denies the allegations in Paragraph 30 as they might pertain to it, lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 30, and denies those allegations on that basis.

31.     Paragraph 31 states legal conclusions to which no response is required.  To the extent a response is required, JPMorgan Securities denies the allegations in Paragraph 31 as they might pertain to it, lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 31, and denies those allegations on that basis.

32.     Paragraph 32 states legal conclusions to which no response is required.  To the extent a response is required, JPMorgan Securities denies the allegations in Paragraph 32 as they might pertain to it, lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 32 as they might pertain to others, and denies those allegations on that basis.

33.     Paragraph 33 states legal conclusions to which no response is required.  To the extent a response is required, JPMorgan Securities denies the allegations in Paragraph 33 as they might pertain to it, lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 33 as they might pertain to others, and denies those allegations on that basis.

34.     JPMorgan Securities lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34, and denies those allegations on that basis.

35.     JPMorgan Securities lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35, and denies those allegations on that basis.

36.     JPMorgan Securities lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 36, and denies those allegations on that basis.

37.     JPMorgan Securities lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 37, and denies those allegations on that basis.

38.     JPMorgan Securities admits on information and belief that primary aluminum is made from the mining of bauxite ore, and that molten aluminum can be alloyed and cast into various shapes.  JPMorgan Securities lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 38, and denies those allegations on that basis.

39.     JPMorgan Securities admits on information and belief that P1020 is a form of primary aluminum, which may be cast as standard ingots, t-bars, or sows.  JPMorgan Securities lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39, and denies those allegations on that basis.

40.     The subject matter of Paragraph 40 may be the subject of future expert analysis and testimony.  Pending such analysis and testimony, JPMorgan Securities lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40, and denies those allegations on that basis.

41.     The subject matter of Paragraph 41 may be the subject of future expert analysis and testimony.  Pending such analysis and testimony, JPMorgan Securities lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41, and denies those allegations on that basis.

42.     The subject matter of Paragraph 42 may be the subject of future expert analysis and testimony.  Pending such analysis and testimony, JPMorgan Securities lacks knowledge or

information sufficient to form a belief as to the truth of the allegations of Paragraph 42, and denies those allegations on that basis.

43.     The subject matter of Paragraph 43 may be the subject of future expert analysis and testimony.  Pending such analysis and testimony, JPMorgan Securities lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43, and denies those allegations on that basis.  Insofar as certain allegations in Paragraph 43 state legal conclusions, no response is warranted.  To the extent one is required, JPMorgan Securities denies those allegations as they might pertain to it, lacks knowledge or information sufficient to form a belief concerning the truth of those allegations as they might pertain to others, and denies those allegations on that basis.

44.     The subject matter of Paragraph 44 may be the subject of future expert analysis and testimony.  Pending such analysis and testimony, JPMorgan Securities lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44, and denies those allegations on that basis.  Insofar as certain allegations in Paragraph 44 state legal conclusions, no response is warranted.  To the extent one is required, JPMorgan Securities denies those allegations as they might pertain to it, lacks knowledge or information sufficient to form a belief concerning the truth of those allegations as they might pertain to others, and denies those allegations on that basis.

45.     JPMorgan Securities admits that trading of aluminum futures takes places on the LME.  JPMorgan lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 45, and denies those allegations on that basis.

46.     JPMorgan Securities admits that the LME publishes a daily cash price for primary aluminum.  JPMorgan Securities lacks knowledge or information sufficient to form a belief

concerning the truth of the remaining allegations in Paragraph 46, and denies those allegations on that basis.

47.     JPMorgan Securities lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 47, and denies those allegations on that basis.

48.     Paragraph 48 purports to quote from a source that speaks for itself.  JPMorgan Securities lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 48, and denies those allegations on that basis.

49.     JPMorgan Securities lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 49, and denies those allegations on that basis.

50.     Paragraph 50 purports to quote from a source that speaks for itself.  JPMorgan Securities lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 50, and denies those allegations on that basis.

51.     JPMorgan Securities lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 51, and denies those allegations on that basis.

52.     JPMorgan Securities lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 52, and denies those allegations on that basis.

53.     Admitted with the exception of the final sentence of Paragraph 53, which purports to quote from a source that speaks for itself and for which no response is necessary.

54.     JPMorgan Securities admits on information and belief that Henry Barth operates warehouses in Baltimore, Chicago, and New Orleans, but lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 54, and denies those allegations on that basis.

55. Admitted, except that JPMorgan Securities lacks knowledge and information sufficient to form a belief as to the allegation that LME futures transactions are "highly leveraged."

56. Admitted.

57. JPMorgan Securities admits that LME-certified warehouses operate in North America, Europe, and Asia. The remaining subject matter of Paragraph 57 may be the subject of future expert analysis and testimony. Pending such analysis and testimony, JPMorgan Securities lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 57, and denies those allegations on that basis.

58. The subject matter of Paragraph 58 may be the subject of future expert analysis and testimony. Pending such analysis and testimony, JPMorgan Securities lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 58, and denies those allegations on that basis.

59. The subject matter of Paragraph 59 may be the subject of future expert analysis and testimony. Pending such analysis and testimony, JPMorgan Securities lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 59, and denies those allegations on that basis.

60. Paragraph 60 purports to quote from a source that speaks for itself.

61. Paragraph 61 states legal conclusions to which no response is required. To the extent a response is required, JPMorgan Securities denies the allegations in Paragraph 61 as they might pertain to it, lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 61 as they might pertain to others, and denies those allegations on that basis.

62.     Paragraph 62 states legal conclusions to which no response is required.  To the extent a response is required, JPMorgan Securities denies the allegations in Paragraph 62 as they might pertain to it, lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations as they might apply to others, and denies those allegations on that basis.

63.     Paragraph 63 states legal conclusions to which no response is required.  To the extent a response is required, JPMorgan Securities admits on information and belief that JPMorgan Chase & Co. and/or one or more of its affiliates acquired certain assets of RBS Sempra Commodities LLP including Henry Bath & Son, Ltd., and that the acquisition was signed on or about February 16, 2010, but closed on or about July 1, 2010.  JPMorgan Securities denies the remaining allegations in Paragraph 63 as they might pertain to it, lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 63 as they might pertain to others, and denies those allegations on that basis.

64.     JPMorgan Securities lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 64, and denies those allegations on that basis.

65.     JPMorgan Securities admits on information and belief that JPMorgan Chase & Co. and/or one or more of its affiliates acquired certain assets of RBS Sempra Commodities LLP including Henry Bath & Son, Ltd., and that the acquisition was signed on or about February 16, 2010, but closed on or about July 1, 2010.  JPMorgan Securities further admits that it was previously a ring-dealing member of the LME.  JPMorgan Securities lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 65, and denies those allegations on that basis.

66.     JPMorgan Securities admits on information and belief that Blythe Masters was a head of the Global Commodities Group at JPMorgan. JPMorgan Securities lacks knowledge or information sufficient to form a belief as to the truth of the quotation. Insofar as Paragraph 66 purports to quote from a newspaper, that source speaks for itself.  JPMorgan Securities denies the allegations in Paragraph 66 insofar as plaintiffs suggest that Ms. Masters' quote, as reported by the *Wall Street Journal*, constitutes an "admission" of any sort against JPMorgan Securities, and denies any other allegations contained within this paragraph as they might pertain to it.

67.     JPMorgan Securities lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 67, and denies those allegations on that basis.

68.     Paragraph 68 purports to quote from a source that speaks for itself and states legal conclusions to which no response is required.  To the extent a response is required, JPMorgan Securities denies the allegations in Paragraph 68 as they might pertain to it, lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 68 as they might pertain to others, and denies those allegations on that basis.

69.     Paragraph 69 states legal conclusions to which no response is required.  To the extent a response is required, JPMorgan Securities denies the allegations in Paragraph 69 as they might pertain to it, lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 69 as they might pertain to others, and denies those allegations on that basis.

70.     Paragraph 70 states legal conclusions to which no response is required.  To the extent a response is required, JPMorgan Securities denies the allegations in Paragraph 70 as they might pertain to it, lacks knowledge or information sufficient to form a belief as to the truth of

the remaining allegations of Paragraph 70 as they might pertain to others, and denies those allegations on that basis.

71.     Paragraph 71 states legal conclusions to which no response is required.  To the extent a response is required, JPMorgan Securities denies the allegations in Paragraph 71 as they might pertain to it, lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 71 as they might pertain to others, and denies those allegations on that basis.

72.     Paragraph 72 purports to quote from a source that speaks for itself.  JPMorgan Securities lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 72, and denies those allegations on that basis.

73.     Paragraph 73 states legal conclusions to which no response is required.  To the extent a response is required, JPMorgan Securities denies the allegations in Paragraph 73 as they might pertain to it, lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 73 as they might pertain to others, and denies those allegations on that basis.

74.     JPMorgan Securities lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74, and denies those allegations on that basis. Insofar as Paragraph 74 purports to cite to the Senate Report, that report speaks for itself.

75.     JPMorgan Securities lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 75, and denies those allegations on that basis.

76.     JPMorgan Securities lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 76, and denies those allegations on that basis.

77.     JPMorgan Securities lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 77, and denies those allegations on that basis.

78.     JPMorgan Securities lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 78, and denies those allegations on that basis.

79.     JPMorgan Securities admits on information and belief that Peter Sellars was a director of Henry Bath & Son and was once Head of Global Metals at JPMorgan Metals Limited. JP Morgan Securities denies the remaining allegations in Paragraph 79 as they might pertain to it.

80.     Insofar as Paragraph 80 purports to describe improper communications between JPMorgan Securities and Metro or any of its affiliates, JPMorgan Securities denies the allegations in this paragraph.

81.     Paragraph 81 states legal conclusions to which no response is required.  To the extent a response is required, JPMorgan Securities denies the allegations in Paragraph 81 as they might pertain to it, lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 81, and denies those allegations on that basis.

82.     Paragraph 82 states legal conclusions to which no response is required.  To the extent a response is required, JPMorgan Securities denies the allegations in Paragraph 82 as they might pertain to it, lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 82 as they might pertain to others, and denies those allegations on that basis.

83.     Paragraph 83 states legal conclusions to which no response is required.  To the extent a response is required, JPMorgan Securities denies the allegations in Paragraph 83 as they

might pertain to it, lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 83, and denies those allegations on that basis.

84.     Paragraph 84 states legal conclusions to which no response is required.  To the extent a response is required, JPMorgan Securities denies the allegations in Paragraph 84 as they might pertain to it, lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 84 as they might pertain to others, and denies those allegations on that basis.

85.     Paragraph 85 states legal conclusions to which no response is required.  To the extent a response is required, JPMorgan Securities denies the allegations in Paragraph 85 as they might pertain to it, lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 85 as they might pertain to others, and denies those allegations on that basis.

86.     Paragraph 86 states legal conclusions to which no response is required.  To the extent a response is required, JPMorgan Securities denies the allegations in Paragraph 86 as they might pertain to it, lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 86 as they might pertain to others, and denies those allegations on that basis.

87.     JPMorgan Securities admits on information and belief that the LME previously required LME warehouses to load out a minimum of 1,500 MT per day calculated on a per company per city basis.  The remaining allegations in Paragraph 87 state a legal conclusion to which no response is required.  To the extent a response is required, JPMorgan Securities denies the allegations in Paragraph 87 as they might pertain to it, lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in Paragraph 87 as they might pertain to others, and denies those allegations on that basis.

88.     JPMorgan Securities admits on information and belief that the LME previously required LME warehouses to load out a minimum of 1,500 MT per day calculated on a per company per city basis.  The remaining subject matter of Paragraph 88 may be the subject of future expert analysis and testimony.  Pending such analysis and testimony, JPMorgan Securities denies the remaining allegations of Paragraph 88 that might pertain to it, lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 88 as they might pertain to others, and denies those allegations on that basis.

89.     JPMorgan Securities admits on information and belief that the LME previously required LME warehouses to load out a minimum of 1,500 MT per day calculated on a per company per city basis. The remaining subject matter of Paragraph 89 may be the subject of future expert analysis and testimony.  Pending such analysis and testimony, JPMorgan Securities denies the remaining allegations of Paragraph 89 that might pertain to it, lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 89 as they might pertain to others, and denies those allegations on that basis.

90.     Paragraph 90 states a legal conclusion to which no response is required.  To the extent a response is required, JPMorgan Securities denies the allegations in Paragraph 90 as they might pertain to it, lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 90 as they might pertain to others, and denies those allegations on that basis.

91.     JPMorgan Securities denies the allegations in Paragraph 91 as they might pertain to it, lacks knowledge or information sufficient to form a belief as to the truth of the remaining

allegations of Paragraph 91 as they might pertain to others, and denies those allegations on that basis.

92.     JPMorgan Securities lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 92, including any and allegations contained in footnote 9, and denies those allegations on that basis.  Footnote 10 purports to define a term of art in the economics field, and as such no response is necessary.

93.     Paragraph 93 purports to quote from an email, which email JPMorgan Securities lacks knowledge or information sufficient to form a belief as to its authenticity.  Paragraph 93 also states legal conclusions to which no response is required.  To the extent a response is required, JPMorgan Securities denies the allegations in Paragraph 93 as they might pertain to it, lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 93 as they might pertain to others, and denies those allegations on that basis.

94.     Paragraph 94 purports to quote from a source that speaks for itself.  Insofar as Paragraph 94 quotes the Senate Report for the purposes of insinuating any improper conduct or behavior on the part of JPMorgan Securities, those allegations are denied.

95.     Paragraph 95 states a legal conclusion to which no response is required.  To the extent a response is required, JPMorgan Securities denies the allegations in Paragraph 95 as they might pertain to it, lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they might pertain to others, and denies those allegations on that basis.

96.     Paragraph 96 purports to cite from a newspaper source, which source speaks for itself.

97.     Paragraph 97 purports to quote from a source that speaks for itself.  JPMorgan Securities lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 97, and denies those allegations on that basis.

98.     JPMorgan Securities lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in paragraph 98, and denies those allegations on that basis.

99.     JPMorgan Securities lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 99 as they might pertain to others, and denies those allegations as they might pertain to it.  Insofar as Paragraph 99 purports to suggest, without evidence, that it is "reasonable to assume" that JPMorgan Securities engaged in any improper conduct, that allegation is denied.

100.    Paragraph 100 purports to quote from a source that speaks for itself.

101.    Paragraph 101 states legal conclusions to which no response is required.  To the extent a response is required, JPMorgan Securities denies the allegations in Paragraph 101 as they might pertain to it, lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 101 as they might pertain to others, and denies those allegations on that basis.

102.    JPMorgan Securities lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 102, and denies those allegations on that basis.

103.    JPMorgan Securities admits on information and belief that issuing a warrant generally means checking a metal into a warehouse for storage, whereas canceling a warrant means that a request has been made for delivery. JPMorgan Securities lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 103, and denies those allegations on that basis.

104.     Insofar as Paragraph 104 purports to characterize the conduct of JPMorgan Securities as anything other than ordinary profit-seeking behavior in compliance with all laws and regulations, JPMorgan Securities denies the allegations in Paragraph 104 as they might pertain to it.  JPMorgan Securities lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 104, and denies those allegations on that basis.

105.     Paragraph 105 states a legal conclusion to which no response is required.  To the extent a response is required, JPMorgan Securities denies the allegations in Paragraph 105 as they might pertain to it, lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 105 as they might pertain to others, and denies those allegations on that basis.

106.     Paragraph 106 purports to quote a source that speaks for itself.

107.     Paragraph 107 appears to states a legal conclusion to which no response is required.  To the extent a response is required, JPMorgan Securities lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 107, and denies the allegations on that basis.

108.     JPMorgan Securities lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 108, and denies those allegations on that basis.

109.     Insofar as Paragraph 109 cites statistics quoted in the Senate Report, that report speaks for itself.  To the extent a further response is required, JPMorgan Securities lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 109, and denies those allegations on that basis.

110.    Paragraph 110 states legal conclusions to which no response is required.  To the extent a response is required, JPMorgan Securities denies the allegations in Paragraph 110 as they might pertain to it, lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 110 as they might pertain to others, and denies those allegations on that basis.

111.    Paragraph 111 appears to states legal conclusions to which no response is required.  To the extent a response is required, JPMorgan Securities denies the allegations in this paragraph as they might pertain to it, lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 111 as they might pertain to others, and denies those allegations on that basis.

112.    Paragraph 112 appears to states a legal conclusion to which no response is required.  To the extent a response is required, JPMorgan Securities lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 112, and denies the allegations on that basis.

113.    JPMorgan Securities admits on information and belief that Peter Sellars was a director of J.P. Morgan Metals Limited and was Chairman of the Board and a director of Henry Bath & Son, Ltd.  JPMorgan Securities also admits that Paragraph 113 purports to quote from what purports to be an e-mail from Mr. Sellars.  JPMorgan Securities denies the remaining allegations in Paragraph 113 as they might pertain to it, lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 113 as they might pertain to others, and denies those allegations on that basis.

114.    JPMorgan Securities admits that Paragraph 114 purports to quote from what purports to be an e-mail from Mr. Sellars.  JPMorgan Securities denies the remaining allegations

in Paragraph 114 as they might pertain to it, lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 114 as they might pertain to others, and denies those allegations on that basis.

115.    JPMorgan Securities lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 115, and denies the allegations, as they might pertain to it, on that basis. JPMorgan Securities lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115 as they might pertain to others, and denies those allegations on that basis.

116.    Insofar as Paragraph 116 purports to state a legal conclusion, no response is required.  To the extent a response is required, JPMorgan Securities lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 116, and denies the allegations on that basis.

117.    Paragraph 117 appears to states legal conclusions to which no response is required.  To the extent a response is required, JPMorgan Securities lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 117, and denies the allegations on that basis.

118.    Paragraph 118 purports to quote a source that speaks for itself.  To the extent a further response is required, JPMorgan Securities denies the allegations in Paragraph 118 as they might pertain to it, lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 118 as they might pertain to others, and denies those allegations on that basis.

119.    Paragraph 119 purports to quote a source that speaks for itself.  To the extent a further response is required, JPMorgan Securities denies the allegations in Paragraph 119 as they

might pertain to it, lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 119 as they might pertain to others, and denies those allegations on that basis.

120.    Insofar as Paragraph 120 purports to quote from the Senate Report, that report speaks for itself.  To the extent a further response is required, JPMorgan Securities lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 120, and denies the allegations on that basis.

121.    Insofar as Paragraph 121 purports to state a legal conclusion, no response is required.  To the extent a response is required, JPMorgan Securities denies the allegations that might pertain to it, lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 121 as they might pertain to others, and denies the allegations on that basis.

122.    Paragraph 122 purports to quote from a source that speaks for itself.  Insofar as Paragraph 122 purports to state legal conclusions, no response is required.  To the extent a response is required, JPMorgan Securities denies the allegations that might pertain to it, lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 122 as they might pertain to others, and denies the allegations on that basis.

123.    JPMorgan Securities lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 123, and denies the allegations on that basis.

124.    Insofar as Paragraph 124 purports to state a legal conclusion, no response is required.  To the extent a response is required, JPMorgan Securities lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 124, and denies the allegations on that basis.

125.    JPMorgan Securities lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 125, and denies the allegations on that basis.

126.    Insofar as Paragraph 126 purports to state a legal conclusion, no response is required.  To the extent a response is required, JPMorgan Securities denies the allegations in Paragraph 126 as they that might pertain to it, lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 126 as they might pertain to others, and denies those allegations on that basis.

127.    Insofar as Paragraph 127 purports to state a legal conclusion, no response is required.  To the extent a response is required, JPMorgan Securities denies the allegations in Paragraph 127 as they that might pertain to it, lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 127 as they might pertain to others, and denies those allegations on that basis.

128.    Insofar as Paragraph 128 purports to state a legal conclusion, no response is required.  To the extent a response is required, JPMorgan Securities lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 128, and denies the allegations on that basis.

129.    JPMorgan Securities lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 129, and denies the allegations on that basis. Insofar as certain portions of Paragraph 129 purport to cite the Senate Report, that Report speaks for itself.

130.    Paragraph 130 purports to cite from media sources, which sources speak for themselves.  To the extent a further response is required, JPMorgan Securities lacks knowledge

and information sufficient to form a belief as to the truth of the allegations in Paragraph 130, and denies the allegations on that basis.

131.    JPMorgan Securities lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 131, and denies the allegations on that basis.

132.    JPMorgan Securities lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 132, and denies the allegations on that basis.

133.    JPMorgan Securities lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 133, and denies the allegations on that basis.

134.    Insofar as Paragraph 134 purports to state legal conclusions, no response is required.  To the extent a response is required, JPMorgan Securities lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 134, and denies the allegations on that basis.

135.    Insofar as Paragraph 135 purports to state a legal conclusion, no response is required.  To the extent a response is required, JPMorgan Securities lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 135, including the underlying data that purportedly led to the creation of the chart in question, and therefore denies those allegations as they might pertain to it.  JPMorgan Securities also denies that either the underlying data or the chart purporting to summarize changes in the Midwest Premium have any veracity.

136.    Paragraph 136 cites to the LME website, which site speaks for itself.  JPMorgan Securities lacks knowledge and information sufficient to form a belief about the truth of the underlying allegations cited in this Paragraph, and denies the allegations on that basis.

137.    Paragraph 137 cites to the LME website, which site speaks for itself.  JPMorgan Securities lacks knowledge and information sufficient to form a belief about the truth of the underlying allegations cited in this Paragraph, and denies the allegations on that basis.  Insofar as Paragraph 137 states a legal conclusion about the conduct of certain defendants, no response is necessary.  To the extent a further response is necessary, JPMorgan Securities denies those allegations as they might pertain to it, lacks knowledge or information sufficient to form a belief as to the truth of the allegations as they might pertain to others, and denies those allegations on that basis.

138.    Paragraph 138 states a legal conclusion to which no response is necessary.  To the extent a further response is necessary, JPMorgan Securities denies those allegations as they might pertain to it, lacks knowledge or information sufficient to form a belief as to the truth of the allegations as they might pertain to others, and denies those allegations on that basis.

139.    JPMorgan Securities lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 139, and denies the allegations on that basis.

140.    Paragraph 140 states legal conclusions to which no response is necessary.  To the extent a further response is necessary, JPMorgan Securities denies those allegations as they might pertain to it, lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 140 as they might pertain to others, and denies those allegations on that basis.

141.    Paragraph 141 states a legal conclusion to which no response is necessary.  To the extent a further response is necessary, JPMorgan Securities denies those allegations as they might pertain to it, lacks knowledge and information sufficient to form a belief as to the truth of

the remaining allegations in Paragraph 141 as they might pertain to others, and denies those allegations on that basis.

142.    Paragraph 142 purports to cite and paraphrase a source, which speaks for itself. To the extent that a response is required, JPMorgan Securities denies those allegations as they might pertain to it, lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 142 as they might pertain to others, and denies those allegations on that basis.  Insofar as the paragraph cites to figures contained in the Senate Report, that report speaks for itself.

143.    Insofar as certain allegations of Paragraph 143 state a legal conclusion, no response is necessary.  To the extent a further response is necessary, JPMorgan Securities denies those allegations as they might pertain to it, lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 143, and denies those allegations on that basis.  Insofar as the paragraph cites to figures contained in the Senate Report, that report speaks for itself.

144.    JPMorgan Securities admits that LME warehouses earn revenue from rent and FoT rates, that warehouses set their maximum daily rent and FoT rates on an annual basis, and that the LME publishes this information on a predetermined schedule.  JPMorgan Securities denies the remaining allegations in Paragraph 144 and footnote 37 that might pertain to it, lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 144 and footnote 37 as they might pertain to others, and denies those allegations on this basis.

145.    Paragraph 145 states legal conclusions about liability and injury to which no response is necessary.  To the extent a further response is necessary, JPMorgan Securities denies

those allegations as they might pertain to it, lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they might pertain to others, and denies those allegations on that basis.

146.     JPMorgan Securities lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 146, and denies the allegations on that basis.

147.     JPMorgan Securities lacks knowledge and information sufficient to form a belief about the truth of the underlying allegations cited in Paragraph 147, and denies the allegations on that basis. Insofar as Paragraph 147 purports to cite a business publication, that source speaks for itself.

148.     JPMorgan Securities lacks knowledge and information sufficient to form a belief about the truth of the underlying allegations cited in Paragraph 148, and denies the allegations on that basis.  Insofar as Paragraph 148 purports to cite a business publication, that source speaks for itself.

149.     Paragraph 149 purports to quote the cited report, which speaks for itself.  To the extent a response is required, JPMorgan Securities denies the remaining allegations in Paragraph 149 as they might pertain to  it, and denies the interpretation Plaintiffs seek to impose on the quoted material.  JPMorgan lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 149 as they might pertain to others, and denies those allegations on that basis.

150.     Paragraph 150 purports to quote from a source—the Senate Report—which source speaks for itself.  To the extent a further response is warranted, JPMorgan Securities lacks knowledge and information sufficient to form a belief about the truth of the underlying allegations cited in Paragraph 150, and denies the allegations on that basis.

151.     Paragraph 151 states legal conclusions to which no response is necessary.  To the extent a further response is necessary, JPMorgan Securities denies the allegations of Paragraph 151 as they might pertain to it.

152.     JPMorgan Securities lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 152, and denies the allegations on that basis.

153.     JPMorgan Securities admits on information and belief that in 2014, one or more JPMorgan affiliates sold certain assets of its commodities trading business, including Henry Bath.  Insofar as Paragraph 153 purports to cite to a media source, that source speaks for itself.

154.     JPMorgan Securities lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 154, and denies the allegations on that basis.

155.     Paragraph 155 states legal conclusions to which no response is necessary.  To the extent a further response is necessary, JPMorgan Securities lacks knowledge and information sufficient to form a belief about the truth of the underlying allegations cited in Paragraph 155, and denies the allegations on that basis insofar as they might pertain to it.

156.     Paragraph 156 states legal conclusions to which no response is necessary.  To the extent a further response is necessary, JPMorgan Securities denies the allegations that might pertain to it, lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 156, and denies the allegations on that basis.

157.     Paragraph 157 states legal conclusions to which no response is necessary.  To the extent a further response is necessary, JPMorgan Securities denies the allegations that might pertain to it, lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in Paragraph 157, and denies the allegations on that basis.

158.    Paragraph 158 states legal conclusions to which no response is necessary.  To the extent a further response is necessary, JPMorgan Securities denies the allegations that might pertain to it, lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in Paragraph 158, and denies the allegations on that basis.

159.    Paragraph 159 states legal conclusions to which no response is necessary.  To the extent a further response is necessary, JPMorgan Securities denies the allegations that might pertain to it, lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations  in Paragraph 159, and denies the allegations on that basis.

160.    JPMorgan Securities incorporates its answers to Paragraphs 1-159 of the Amended Complaint as though fully set forth herein.

161.    Paragraph 161 states legal conclusions to which no response is necessary.  To the extent a further response is necessary, JPMorgan Securities denies the allegations in Paragraph 161.

162.    Paragraph 162 states legal conclusions to which no response is necessary.  To the extent a further response is necessary, JPMorgan Securities denies the allegations in Paragraph 162.

163.    Paragraph 163 states legal conclusions to which no response is necessary.  To the extent a further response is necessary, JPMorgan Securities denies the allegations in Paragraph 163.

164.    Paragraph 164 states legal conclusions to which no response is necessary.  To the extent a further response is necessary, JPMorgan Securities denies the allegations in Paragraph 164.

165.    Paragraph 165 states legal conclusions to which no response is necessary.  To the extent a further response is necessary, JPMorgan Securities denies the allegations in Paragraph 165.

166.    Paragraph 166 states legal conclusions to which no response is necessary.  To the extent a further response is necessary, JPMorgan Securities denies the allegations in Paragraph 166.

167.    JPMorgan Securities incorporates its answers to Paragraphs 1-166 of the Amended Complaint as though fully set forth herein.

168.    Paragraph 168 states legal conclusions to which no response is necessary.  To the extent a further response is necessary, JPMorgan Securities denies the allegations in Paragraph 168.

169.    Paragraph 169 states legal conclusions to which no response is necessary.  To the extent a further response is necessary, JPMorgan Securities denies the allegations in Paragraph 169.

170.    Paragraph 170 states legal conclusions to which no response is necessary.  To the extent a further response is necessary, JPMorgan Securities denies the allegations in Paragraph 170.

171.    Paragraph 171 states legal conclusions to which no response is necessary.  To the extent a further response is necessary, JPMorgan Securities denies the allegations in Paragraph 171.

172.    Paragraph 172 states legal conclusions to which no response is necessary.  To the extent a further response is necessary, JPMorgan Securities denies the allegations in Paragraph 172.

173.    Paragraph 173 states legal conclusions to which no response is necessary.  To the extent a further response is necessary, JPMorgan Securities denies the allegations in Paragraph 173.

174.    Paragraph 174 states legal conclusions to which no response is necessary.  To the extent a further response is necessary, JPMorgan Securities denies the allegations in Paragraph 174.

175.    JPMorgan Securities incorporates its answers to Paragraphs 1-174 of the Amended Complaint as though fully set forth herein.

176.    Paragraph 176 states legal conclusions to which no response is necessary.  To the extent a further response is necessary, JPMorgan Securities denies the allegations in Paragraph 176.

177.    Paragraph 177 states legal conclusions to which no response is necessary.  To the extent a further response is necessary, JPMorgan Securities denies the allegations in Paragraph 177.

178.    Paragraph 178 states legal conclusions to which no response is necessary.  To the extent a further response is necessary, JPMorgan Securities denies the allegations in Paragraph 178.

179.    Paragraph 179 states legal conclusions to which no response is necessary.  To the extent a further response is necessary, JPMorgan Securities denies the allegations in Paragraph 179.

180.    Paragraph 180 states legal conclusions to which no response is necessary.  To the extent a further response is necessary, JPMorgan Securities denies the allegations in Paragraph 180.

181.     Paragraph 181 states legal conclusions to which no response is necessary.  To the extent a further response is necessary, JPMorgan Securities denies the allegations in Paragraph 181.

182.     JPMorgan Securities incorporates its answers to Paragraphs 1-181 of the Amended Complaint as though fully set forth herein.

183.     Paragraph 183 states legal conclusions to which no response is necessary.  To the extent a further response is necessary, JPMorgan Securities denies the allegations in Paragraph 183.

184.     Paragraph 184 states legal conclusions to which no response is necessary.  To the extent a further response is necessary, JPMorgan Securities denies the allegations in Paragraph 184.

185.     Paragraph 185 states legal conclusions to which no response is necessary.  To the extent a further response is necessary, JPMorgan Securities denies the allegations in Paragraph 185.

186.     Paragraph 186 states legal conclusions to which no response is necessary.  To the extent a further response is necessary, JPMorgan Securities denies the allegations in Paragraph 186.

187.     Paragraph 187 states legal conclusions to which no response is necessary.  To the extent a further response is necessary, JPMorgan Securities denies the allegations in Paragraph 187.

188.     Paragraph 188 states legal conclusions to which no response is necessary.  To the extent a further response is necessary, JPMorgan Securities denies the allegations in Paragraph 188.

189.     JPMorgan Securities incorporates its answers to Paragraphs 1-188 of the Amended Complaint as though fully set forth herein.

190.     Paragraph 190 states legal conclusions to which no response is necessary.  To the extent a further response is necessary, JPMorgan Securities denies the allegations in Paragraph 190.

191.     Paragraph 191 states legal conclusions to which no response is necessary.  To the extent a further response is necessary, JPMorgan Securities denies the allegations in Paragraph 191.

192.     Paragraph 192 states legal conclusions to which no response is necessary.  To the extent a further response is necessary, JPMorgan Securities denies the allegations in Paragraph 192.

193.     Paragraph 193 states legal conclusions to which no response is necessary.  To the extent a further response is necessary, JPMorgan Securities denies the allegations in Paragraph 193.

194.     Paragraph 194 states legal conclusions to which no response is necessary.  To the extent a further response is necessary, JPMorgan Securities denies the allegations in Paragraph 194.

195.     JPMorgan Securities incorporates its answers to Paragraphs 1-194 of the Amended Complaint as though fully set forth herein.

196.     Paragraph 196 states legal conclusions to which no response is necessary.  To the extent a further response is necessary, JPMorgan Securities denies the allegations in Paragraph 196.

197.    Paragraph 197 states legal conclusions to which no response is necessary.  To the extent a further response is necessary, JPMorgan Securities denies the allegations in Paragraph 197.

198.    Paragraph 198 states legal conclusions to which no response is necessary.  To the extent a further response is necessary, JPMorgan Securities denies the allegations in Paragraph 198.

199.    Paragraph 199 states legal conclusions to which no response is necessary.  To the extent a further response is necessary, JPMorgan Securities denies the allegations in Paragraph 199.

200.    Paragraph 200 states legal conclusions to which no response is necessary.  To the extent a further response is necessary, JPMorgan Securities denies the allegations in Paragraph 200.

201.    Paragraph 201 states legal conclusions to which no response is necessary.  To the extent a further response is necessary, JPMorgan Securities denies the allegations in Paragraph 201.

202.    Paragraph 202 states legal conclusions to which no response is necessary.  To the extent a further response is necessary, JPMorgan Securities denies the allegations in Paragraph 202.

203.    Paragraph 203 states legal conclusions to which no response is necessary.  To the extent a further response is necessary, JPMorgan Securities denies the allegations in Paragraph 203.

204.    JPMorgan Securities incorporates its answers to Paragraphs 1-203 of the Amended Complaint as though fully set forth herein.

205.     Paragraph 205 states legal conclusions to which no response is necessary.  To the extent a further response is necessary, JPMorgan Securities denies the allegations in Paragraph 205.

206.     Paragraph 206 states legal conclusions to which no response is necessary.  To the extent a further response is necessary, JPMorgan Securities denies the allegations in Paragraph 206.

207.     Paragraph 207 states legal conclusions to which no response is necessary.  To the extent a further response is necessary, JPMorgan Securities denies the allegations in Paragraph 207.

208.     Paragraph 208 states legal conclusions to which no response is necessary.  To the extent a further response is necessary, JPMorgan Securities denies the allegations in Paragraph 208.

209.     Paragraph 209 states legal conclusions to which no response is necessary.  To the extent a further response is necessary, JPMorgan Securities denies the allegations in Paragraph 209.

210.     Plaintiffs' request for relief purports to characterize the relief they seek, and therefore does not require a response.  To the extent a response is required, JPMorgan Securities denies the allegations in the prayer for relief.

211.     JPMorgan Securities reserves its rights to object to Plaintiffs' jury demand on any and all applicable grounds.

## **AFFIRMATIVE DEFENSES**

JPMorgan Securities states the following defenses and reserves its right to assert other and additional defenses, cross claims and third-party claims not asserted herein of which they

become aware through discovery or other investigation as may be appropriate at a later time.  In asserting these defenses, JPMorgan Securities does not assume any burden of proof, persuasion or production with respect to any issue where the applicable law places the burden upon Plaintiffs.  JPMorgan Securities avers that some of the following defenses are actually elements of Plaintiffs' claims on which Plaintiffs bear the burden of proof, but pleads them as defenses out of an abundance of caution.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they suffered no damage, or their alleged damages, if any, are speculative and uncertain.  For the avoidance of doubt, JPMorgan Securities avers that Plaintiffs bear the burden of proof on these issues.

## THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they lack both standing and antitrust standing to assert those claims.  For the avoidance of doubt, JPMorgan Securities avers that Plaintiffs bear the burden of proof on these issues.

## FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they have not suffered and cannot demonstrate antitrust injury or injury in fact.  For the avoidance of doubt, JPMorgan Securities avers that Plaintiffs bear the burden of proof on these issues.

**FIFTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the applicable statute(s) of limitations.  For the avoidance of doubt, JPMorgan Securities avers that Plaintiffs bear the burden of proof on these issues.

**SIXTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and laches.

**SEVENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because JPMorgan Securities engaged in independent and legitimate business conduct and its conduct constitutes permissible competitive activity.  For the avoidance of doubt, JPMorgan Securities avers that Plaintiffs bear the burden of proof on these issues.

**EIGHTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because the challenged conduct was pro-competitive.  For the avoidance of doubt, JPMorgan Securities avers that Plaintiffs bear the burden of proof on these issues.

**NINTH DEFENSE**

Because Plaintiffs' Sherman Act claim fails as a matter of law, the court lacks subject matter jurisdiction over plaintiffs' state law claims.

**TENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by their failure to mitigate damages.

### ELEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the injuries alleged by Plaintiffs, to the extent any exist, were caused, in whole or in part, by the conduct of third parties for whom JPMorgan Securities was not responsible, through forces in the marketplace over which JPMorgan Securities has no control, or through acts or omissions on the part of Plaintiffs.  For the avoidance of doubt, JPMorgan Securities avers that Plaintiffs bear the burden of proof on these issues.

### TWELFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because none of JPMorgan Securities' challenged actions or omissions substantially lessened competition within any properly defined market.  For the avoidance of doubt, JPMorgan Securities avers that Plaintiffs bear the burden of proof on these issues.

### THIRTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have passed on any alleged overcharge.

### FOURTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the *Noerr-Pennington* doctrine, the Act of State doctrine, and the Court's ruling that the LME load-out rules are a form of government market regulation.

### FIFTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the conduct at issue is not *per se* unlawful under the antitrust laws and does not otherwise constitute an unreasonable restraint of

trade.  For the avoidance of doubt, JPMorgan avers that Plaintiffs bear the burden of proof on these issues.

### SIXTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the challenged conduct was ancillary to pro-competitive conduct.  For the avoidance of doubt, JPMorgan avers that Plaintiffs bear the burden of proof on these issues.

### SEVENTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the Complaint has insufficiently alleged a relevant product market and relevant geographic market and is so vague and ambiguous as to deny JPMorgan Securities notice of the markets alleged by Plaintiffs.  For the avoidance of doubt, JPMorgan avers that Plaintiffs bear the burden of proof on these issues.

### EIGHTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, under the Foreign Trade Antitrust Improvements Act, 15 U.S.C.A. § 6a.  For the avoidance of doubt, JPMorgan avers that Plaintiffs bear the burden of proof on these issues.

### NINETEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because JPMorgan Securities challenged actions or omissions did not proximately cause injury to Plaintiffs.  For the avoidance of doubt, JPMorgan avers that Plaintiffs bear the burden of proof on these issues.

### TWENTIETH DEFENSE

Plaintiffs' claims are barred because Plaintiffs are not efficient enforcers of the antitrust laws.  For the avoidance of doubt, JPMorgan avers that Plaintiffs bear the burden of proof on these issues.

## TWENTY-FIRST DEFENSE

JP Morgan hereby adopts and incorporates by reference any and all other defenses asserted or to be asserted by any other defendant to the extent JPMorgan Securities may share in such defense.

## **PRAYER FOR RELIEF**

Based upon the foregoing, JPMorgan Securities prays that (a) judgment be entered dismissing the Complaint in its entirety and with prejudice, and (b) this Court grant it such other relief as it deems just and appropriate including costs and reasonable legal fees.

Dated: January 10, 2020
       Washington, DC

Respectfully submitted,

/s/  Robert D. Wick
Robert D. Wick (*rwick@cov.com*)
Henry Liu (*hliu@cov.com*)
John S. Playforth (*jplayforth@cov.com*)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, N.W.
Washington, D.C.  20001
Telephone:  (202) 662-6000
Facsimile:  (202) 662-6291

*Attorneys for Defendant JPMorgan Chase Bank N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2020, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

I certify under the laws of the United States of America that the foregoing is true and correct.

Dated: January 10, 2020
       Washington, DC

Respectfully submitted,

/s/  Robert D. Wick
Robert D. Wick (*rwick@cov.com*)
Henry Liu (*hliu@cov.com*)
John S. Playforth (*jplayforth@cov.com*)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, N.W.
Washington, D.C.  20001
Telephone:  (202) 662-6000
Facsimile:  (202) 662-6291

*Attorneys for Defendant JPMorgan Securities PLC*