# EXHIBIT F

**Ament-Stone, Nathaniel**

| | |
|---|---|
| **From:** | Ament-Stone, Nathaniel |
| **Sent:** | Tuesday, May 19, 2020 10:09 AM |
| **To:** | 'Walter W. Noss'; Lauer, Eliot; 'Timothy G. Parilla'; Jill Manning; Semmelman, Jacques |
| **Cc:** | Derek Brandt; Allan Steyer; Stephanie Hackett; Todd Schneider; Kyle Bates; Robert J Palmersheim; Anand C. Mathew; Mrkonic, Matthew G. |
| **Subject:** | RE: External: RE: Ali - Discovery from GIAG and Pacorini Vliss |

Hi Walter,

Our client is in the process of tabulating hit counts; we are advised the tally will be done before this weekend. In light of your most recent communication, we think the parties should continue trying to resolve this. We propose notifying the Court today that we have made substantial progress toward an agreement, but are still in the process of tabulating hit counts, and that we request an extension to next Tuesday (since Monday is Memorial Day). Please let us know at your earliest convenience if you agree with this approach.

All the best,
Nathaniel

**From:** Walter W. Noss [mailto:wnoss@scott-scott.com]
**Sent:** Monday, May 18, 2020 8:11 PM
**To:** Ament-Stone, Nathaniel; Lauer, Eliot; 'Timothy G. Parilla'; Jill Manning; Semmelman, Jacques
**Cc:** Derek Brandt; Allan Steyer; Stephanie Hackett; Todd Schneider; Kyle Bates; Robert J Palmersheim; Anand C. Mathew; Mrkonic, Matthew G.
**Subject:** RE: External: RE: Ali - Discovery from GIAG and Pacorini Vliss

**\*\*\*EXTERNAL EMAIL\*\*\***
Our understanding of this process would be that a custodian's complete email will be loaded on to the review platform for the applicable period. All emails from all external email domains, except those identified in (1), (2), and (4) (sent only) would be cut out of the review. The idea, as I understand it to reduce the burden by removing entire email domains. So, for example, an email involving Fegel and JPM would be included, but an email involving Fegel and Rusal would be out. This also cuts out some t privacy and other sensitivity concerns. Fair enough from the Ps' point of view.

The problem, as I see it, is that (3) isn't a really a limitation on email domains, but a limitation on what will be produced from the internal email domains following search terms, i.e., glencore.com/pacorini.com to glencore.com/pacorini.com are limited to "emails referring to communications with Goldman Sachs…". There's no way to determine via email domain level cut whether an internal email of the custodian referred to a communications with GS, etc., without a manual review.

Focusing on the custodian's emails with domains (1) and (2) and sent to (4), at this point, are you proposing to produce all hits on non-privileged docs (privileged limited to within Glencore family, obviously)? Or would there be a further manual review for relevance?

With regards to the custodian's purely internal emails, you state in regards to three custodians, "We cannot agree to produce all internal communications referring in passing to the queues, as the volume would be simply enormous." Accordingly, you struck our Para (4), and as a result, you would review the hits and produce only the emails that refer to communications with (3) (e.g., Goldman, JPM, etc.).

This is overly narrow, even within the context of limited discovery. First, we are not proposing that you produce "all internal communications referring in passing to the queues," but rather that you produce internal communications that hit on the search terms. More fundamentally, as you can probably appreciate, we believe an internal email between Robin Scheiner and Gary Fegel (alone) that discusses queue blocking, bottlenecking, or the like (per the search terms) should be discoverable and produced during this process. And we understand that GIAG's objections to producing its responsive internal emails have been couched in the burden associated with production, not relevance.

As to internal emails, there should be a compromise somewhere between only emails referring to GS, etc., and all non-privileged emails that hit the proposed search terms.

To get to that point, it seems to us that it is ultimately a question of hits on search terms. That's the best indicator of burden. But we still don't have a hit count for those search terms on those three custodians emails to actually know what this burden really is. GIAG's unwillingness to provide hit counts, which could be used to further reduce burden by reaching agreements to narrow search strings, is very surprising because Glencore, Ltd. was willing to do so a few months ago.

Given we've conceded all the external domain level cuts, why don't you load up the emails and run the strings and let's see where we're at on burden, and then we'll get it done. We're there on everything else.

I around after 9:00 a.m. ET / 6:00 a.m. PT to discuss.

-WW

---

**From:** Ament-Stone, Nathaniel [nament-stone@curtis.com]
**Sent:** Monday, May 18, 2020 1:44 PM
**To:** Lauer, Eliot; 'Timothy G. Parilla'; Walter W. Noss; Jill Manning; Semmelman, Jacques
**Cc:** Derek Brandt; Allan Steyer; Stephanie Hackett; Todd Schneider; Kyle Bates; Robert J Palmersheim; Anand C. Mathew; Mrkonic, Matthew G.
**Subject:** RE: External: RE: Ali - Discovery from GIAG and Pacorini Vliss

Counsel:

Thank you for your proposal. As reflected in the attached, we accept your proposed additional email domains in parameter (1) and the related changes to parameter (3) (internal GIAG or AW Vlissingen emails referring to communications). We also accept your proposal on data. However, parameter (4) (internal GIAG or AW Vlissingen emails relating to queues in Detroit and Vlissingen) is very likely to generate countless irrelevant documents and is not a workable addition to the search parameters. If you would like to add further email domains for (1) and (3), we are happy to accommodate a reasonable proposal. We cannot agree to produce all internal communications referring in passing to the queues, as the volume would be simply enormous. Note that there is already a search string intended to capture any discussion with the other entities of interest about Detroit and Vlissingen queues, so relevant communications about the queues would be produced pursuant to parameters (1), (2), and (3).

**Nathaniel Ament-Stone**
**Associate**

**Curtis, Mallet-Prevost, Colt & Mosle LLP**
**101 Park Avenue**
**New York, New York 10178-0061**