UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN RE ALUMINUM WAREHOUSING
ANTITRUST LITIGATION

This Document Relates To:

*Reynolds Consumer Products LLC et al. v. Glencore Ltd. et al.*, No. 16 Civ. 5955 (PAE) (S.D.N.Y.)

16 Civ. 5955 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

The Court has reviewed the letter from plaintiffs Reynolds Consumer Products LLC ("Reynolds") and Southwire Company, LLC ("Southwire," and together with Reynolds, "plaintiffs"), *see* Dkts. 179–80 ("R&S Ltr."), and response from Glencore Ltd. ("Glencore"), *see* Dkts. 184–85 ("Glencore Resp."), regarding the parties' recent discovery dispute. The Court resolves this dispute as follows.

On July 15, 2020, fact discovery in this case closed. *See* Dkt. 145. On August 14, 2020, plaintiffs filed the instant request, asking the Court to compel Glencore to provide "information regarding the source of aluminum Glencore sold to plaintiffs." R&S Ltr. at 1. Such information had been the subject of an interrogatory ("Interrogatory No. 8") served by plaintiffs on Glencore on February 4, 2020, to which Glencore objected on March 5, 2020. *See id.*; *see also* Dkt. 179-1 ("Interrogatories"); Dkt. 179-2 ("Objections"). Plaintiffs' proffered justification for the instant belated request is that they understood Glencore's objections to Interrogatory No. 8 to deny possession of the requested information. *See* R&S Ltr. at 1–3. Only after the depositions of two Glencore employees on the last and penultimate days of discovery, plaintiffs argue, did they learn that Glencore in fact possessed information regarding the sources of its aluminum purchases. *Id.* at 2.

In response, Glencore contends that it never denied possessing such information. Instead, it argues that, as to the sources of its own aluminum purchases, its Objections challenged Interrogatory No. 8's compliance with S.D.N.Y. Local Rule 33.3(b). Glencore Resp. at 1; *see* Objections at 16–17. That Rule prohibits interrogatories from seeking information other than the names of witnesses, damages computations, or the "existence, custodian, location, and general description of documents," unless such interrogatories are "a more practical method of obtaining the information sought than a request for production or a deposition." S.D.N.Y. Local. Rule 33(b). And Glencore represents that, at the time it made these Objections, plaintiffs were aware of its position that any request for additional transactional data, such as information about the sources of its aluminum purchases, were properly the subject of a request for production ("RFP"), not an interrogatory. *See* Glencore Resp. at 1.

To the extent Glencore's Objections stated that Interrogatory No. 8 "purports to seek the discovery of information or documents that are not in Glencore Ltd.'s possession, custody, or control," Glencore now avers that such objection pertained to the interrogatories' request for similar transactional data relating to Glencore's *affiliates*, which Glencore has long denied possessing. *See id.* at 2 n.2; Objections at 17. Thus, Glencore argues, the deposition testimony near the close of discovery does not support the instant untimely request, as it revealed nothing new to plaintiffs. Plaintiffs were on notice since at least March 5, 2020, that Glencore possessed the information discussed in those depositions, but would only produce it upon receipt of an RFP. Plaintiffs, however, never served such a request. *See* Glencore Resp. at 2–3. Thus, Glencore contends, plaintiffs have not identified any reason to move, more than a month after discovery closed, to compel the additional production of data. *Id.*

2

The Court rules for Glencore. Glencore's Objections cannot fairly be read to deny its possession of information regarding the sources for its own aluminum purchases. *See* Objections at 16–17. Rather, its challenge to Interrogatory No. 8's compliance with Local Rule 33.3(b) clearly sought to channel this aspect of plaintiffs' request into an RFP, on the basis that such a request was "more practical" than an interrogatory. S.D.N.Y. Local Rule 33.3(b); *see, e.g.*, *Madanes v. Madanes*, 186 F.R.D. 279, 290 (S.D.N.Y. 1999) ("A document request is a far more practical means of obtaining [transaction history] than is an interrogatory."). If plaintiffs had disagreed with this objection, the proper time to challenge it was before the close of discovery, not today, well after discovery has closed. *See Eng-Hatcher v. Sprint Nextel Corp.*, No. 07 Civ. 7350 (BSJ) (KNF), 2008 WL 4104015, at *3 (S.D.N.Y. Aug. 28, 2008).

To the extent Glencore denied possession of any information in its Objections, it is not plausible that plaintiffs understood such denial to apply to Glencore's own purchase history. First, the proposition that a sophisticated entity such as Glencore would lack access to information concerning the sources of its own aluminum purchases strains credulity. Plaintiffs have asserted no basis, aside from the less than fully pellucid locutions used in Glencore's Objections, for assuming that this was the case. Second, at the time the parties exchanged interrogatories and objections, they also litigated a motion regarding co-defendant Access World USA's access to its affiliates' data, and contemplated a similar motion regarding Glencore's claims that it lacked access to its own affiliates' information. *See* Dkt. 134. The day after the Court ruled for Access World USA on this point, on March 11, 2020 plaintiffs notified the Court that they would not proceed "at this time" with a similar motion to compel information held by Glencore's affiliates. *See* Dkt. 136. When Glencore, the week prior, served its Objections denying "possession, custody, or control" of certain information requested in Interrogatory

No. 8, the parties were thus surely aware of Glencore's position that it did not possess its affiliates' transactional data, but had not denied possessing its own such data. Accordingly, the deposition testimony of Glencore's employees near the close of discovery does not provide a basis for allowing plaintiffs to revisit the materials requested in Interrogatory No. 8, as such depositions did not contradict Glencore's prior representations.

None of plaintiffs' other reasons for granting their request is persuasive. It is immaterial whether Glencore also served interrogatories on plaintiffs that arguably ran afoul of S.D.N.Y. Local Rule 33.3(b). *See* R&S Ltr. at 3. The proper means to contest such violations was through the lodging of objections (which plaintiffs appear to have done, *see* Glencore Resp. at 3), not to seek belatedly the reopening of discovery from Glencore. And plaintiffs offer no justification for their conclusory statement that Interrogatory No. 8 "complies with Local Rule 33.3(c), which permits contention interrogatories at the conclusion of other discovery." *Id.* In any event, the time to dispute that fact has long since past, and has no bearing on the propriety of the instant request. Nor is there any basis, in light of this ruling, at this point to preclude Glencore from introducing evidence regarding the origin of metal that it sold to plaintiffs. R&R Ltr. at 1.

Accordingly, the Court denies plaintiffs' motion in its entirety.

The Clerk of Court is respectfully directed to terminate the motions pending at dockets 179–80.

SO ORDERED.

                                                                                Paul A. Engelmayer
                                                                                United States District Judge

Dated: August 31, 2020
      New York, New York